Edward J. Rogan and Another, Appellants, *v.* " Rachael " Weiss, Respondent.

(Supreme Court, Appellate Term, First Department, February Term — filed April, 1921.)

Landlord and tenant — monthly tenancy — when landlord may recover a fair and reasonable rent from tenant holding over — service of notice not a condition precedent — Laws of 1882, chap. 203, as amended by Laws of 1920, chap. 209.

> Where a monthly tenant of premises in the city of New York holds over after the expiration of his term, without the permission of his landlord, the landlord under chapter 944 of the Laws of 1920 may recover a fair and reasonable rent while the tenant continues in possession of the premises, and a dismissal of the complaint on the ground that service upon the tenant of the notice specified in chapter 203 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920, was a condition precedent to the maintenance of the action, is error for which a judgment entered in favor of the tenant will be reversed and a new trial ordered.

Appeal from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, entered in favor of the defendant.

Robert Moers (Harry Cohen, of counsel), for appellants.

Thomas G. Price (Harry Crone, of counsel), for respondent.

Lehman, J. The landlord has brought an action for the rental value of premises occupied by a monthly tenant. His complaint was dismissed on the ground that before the landlord can bring such an action he is required to serve upon the tenants the notice specified in chapter 203 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920. Prior to the enact-

Appellate Term, First Department, April, 1921.    [Vol. 115.

ment of that statute, a monthly tenant could be removed by the landlord at the expiration of the month without any previous notice, because a monthly tenancy is a tenancy for a definite period, and a tenant occupying premises for a definite period is compelled to quit the premises at the end of such period. The statute did not create a new kind of tenancy, and the tenant has always had the right to remove from the premises at the expiration of his term, but it took away from the landlord the right to remove the tenant by summary proceedings or by re-entry obtained in any other way, unless he had previously given the required notice to the tenant. For practical purposes, if the tenant could not be removed from the premises without a previous notice, the statute had the same effect as if it had provided that unless the landlord gave previous notice to the tenant, the tenant had the option of automatically renewing his monthly tenancy at the expiration of the month by remaining in the premises. In other words, it compelled the landlord to accept the tenant as a holdover without any alternative of treating him as a trespasser. The enactment of the various statutes during the year 1920, which are popularly known as the rent laws, has changed this condition. The landlord, except in certain specified cases, cannot remove a monthly tenant at the expiration of his term, and the giving of a notice to remove confers no right to remove the tenant upon the landlord. The landlord, however, is not left without remedy against a tenant who holds over, but under chapter 944 of the Laws of 1920 he may recover a fair and reasonable rent for the premises while in the possession of the tenant. There can be no question but that this statute applies to monthly tenants as well as tenants holding upon other conditions, and it would be unreasonable to hold that the legislature intended that

before bringing an action against a monthly tenant whose term has expired, the landlord must serve upon the tenant a notice stating that " unless the tenant removes from said premises on the day on which his term expires, the landlord will commence summary proceedings under the statute to remove such tenant therefrom," when the legislature itself has expressly declared that for a limited period the landlord shall have no right to commence such summary proceedings.

It follows that the judgment must be reversed, with ten dollars costs, and a new trial ordered.

MULLAN and BURR, JJ., concur.

Judgment reversed, with ten dollars costs, and new trial ordered.