THE A. C. & H. M. HALL REALTY COMPANY, Respondent, *v.* LEON SIDNEY MOOS and Fifteen Others, Appellants.

(Supreme Court, Appellate Term, First Department, May Term — Filed June, 1921.)

Landlord and tenant — use and occupation — landlord entitled to reasonable income on his investment in the city of New York— evidence of market value of property incompetent — bill of particulars — Laws of 1920, chap. 944.

Where the tenants of a dwelling house in the city of New York, without the permission of the landlord, hold over and continue in possession after September 30, 1920, when their leases expired, the landlord, under chapter 944 of the Laws of 1920, is entitled to bring an action to recover a fair and reason-

able rent while the tenants remain in possession, but he may recover only such rentals as will yield a reasonable income on his investment.

In such an action, evidence as to the present market value of the premises largely based upon the excessive rentals charged by owners of similar property, which led to the emergency which the statute declared existed and which it was intended to remedy, is incompetent on the ground that to receive it would be to justify extortionate demands by proof that they have resulted in an increase in the market value of similar property, and the admission of such evidence over the objection and exception of the defendants was error for which a judgment in favor of plaintiff will be reversed and a new trial ordered.

The provision of the statute relating to the bill of particulars to be filed by a landlord cannot be deemed to include matters dealing with present market values which can in no sense affect the net income to which the landlord was entitled, and the granting of a motion for leave to amend the bill of particulars to conform to the proof was also erroneous.

The purpose of the provision for the bill of particulars is to limit the landlord to such proof as may be met by the tenant as to the amount of investment from which the landlord is permitted to realize a reasonable income and the cost of maintenance of the premises, but an item of annual expenses for salaries of officials of the plaintiff, which evidently formed some basis for the rental value fixed by the court, is not justified.

APPEAL by the defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the plaintiff.

Goldman & Unger (William F. Unger and Samuel Rubin, of counsel), for appellants.

Stotesbury & Miner (Louis W. Stotesbury, of counsel), for respondent.

GUY, J.   The tenants herein were in possession under leases which expired on September 30, 1920, and the complaint alleges that defendants wrongfully held over and continued in possession of premises

occupied by them after the expiration of said leases without permission of the landlord, and demands judgment for the reasonable value of the premises so occupied by defendants.

Before the enactment of recent legislation the landlord would have had the option of treating the tenants either as trespassers or as tenants under a new hiring upon the same terms as the previous leases. By chapter 944, Laws of 1920, this right of the landlord has been suspended and a new form of tenancy created under which a tenant is permitted to remain in possession without permission of the landlord, and the landlord may bring an action to recover a fair and reasonable rent for the premises while in possession of the tenant. See *Rogan* v. *Weiss,* 115 Misc. Rep. 193. This action was, therefore, brought in proper form; and the contention of defendants-appellants, that they must be treated either as trespassers, in which event the complaint should have been dismissed, or as tenants for a new hiring under the terms of their old leases, is erroneous.

The only remaining questions to be considered are, *first,* whether incompetent evidence was admitted upon the question of reasonable rental value; and, *second,* whether the evidence sustains the finding of the trial judge as to the reasonable rental value of the premises. Over the objection and exception of counsel for the tenants, proof was admitted as to the present market value of the premises, a value largely based upon the excessive rentals charged by owners of similar property, which led to the emergency the statute declared existed and which the statute was intended to remedy. In other words, to permit this line of proof would be to justify extortionate demands on the part of landlords by proof that the extortionate demands had resulted in an increase of market

value for similar property. It was clearly the intent of the legislature that a landlord should be restricted to such rentals as would yield, not a reasonable income on values created by profiteering methods, but a reasonable income on his investment. The admission of such proof was highly prejudicial to the defendants.

A motion was granted by the trial court to amend the bill of particulars to conform to the proof so as to include therein matters not contemplated by the statute. The statute provides that the bill of particulars shall set forth the gross income derived from the building, the number of apartments, rooms and stores, the rent received for each for the period of one year last past, the consideration paid by the landlord for the building, the assessed valuation of the property and the taxes for the current year, the annual interest charge on any incumbrance paid by the landlord, the operating expenses with reasonable detail, " and such other facts as the landlord claims affect his net income from such property." This provision cannot possibly be deemed to include matters dealing with present market values, which can in no sense affect the net income to which the landlord was entitled. The granting of said motion was, therefore, equally erroneous.

The inclusion in the item of annual expenses of $10,000 for salaries of officials of the plaintiff company, which evidently formed some basis for the rental value fixed by the court, is also unjustifiable. The purpose of the statutory provision for the bill of particulars is to limit the landlord to such proof as may be met by the tenant as to the amount of the investment from which the landlord is permitted to realize a reasonable income, and the cost of maintenance of the premises — not the cost of maintenance

of a corporation that may or may not have a much larger and wider field of operation.

For the above reasons the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event; said costs as of one appeal.

Bijur and McCook, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide event.