RICHMOND WEED and Another, Appellants, *v.*
MATTHEW W. CARSWELL, Respondent.

(Supreme Court, Appellate Term, Second Department, December,
1921.)

Landlord and tenant — rent — cities of the first class — action
for use and occupation against tenant holding over term —
when tenant may attack increased rent as unjust — tenancies
from month to month — when thirty days' notice of termination necessary — in absence of such notice, rent formerly
agreed upon only recoverable — effect of prior adjudication
of rental value — tender — bill of particulars must be filed
before issue is joined — Laws of 1882, chap. 303, as amended
by Laws of 1889, chap. 357, and Laws of 1920, chap. 209 —
Laws of 1920, chaps. 942, 944 — Laws of 1921, chap. 434, § 7.

Under the statute (Laws of 1920, chap. 944) which suspends
the right of a landlord to regard a tenant holding over, either as
a trespasser or as a tenant for a renewal of the term at the
same rent, and permits the tenant to remain in possession
without the permission of the landlord, an action for use and
occupation lies against the tenant holding over his term, in the
absence of any new agreement.

Even if a new agreement is made. the rent reserved thereby
may be attacked by the tenant as unjust and unreasonable on
the first day that it accrues, in which case there is no necessity
for the landlord to notify the tenant that after the expiration
of his original term, use and occupation will be at the increased
rate.

In the case of tenancies from month to month or monthly
tenancies, however, a different rule applies, because under the
statute (Laws of 1920, chap. 209, amending chapter 303 of the
Laws of 1882, as amended by chapter 357 of the Laws of 1889),
which was clearly intended to prevent a tenant from being dispossessed unless he has received at least thirty days' notice of
the termination of his existing agreement, which statute has
not been repealed, such a tenant, in the absence of service of
the notice to quit therein provided for, has the right to occupy
the premises for another month at the same rent, and summary
proceedings under chapter 942 of the Laws of 1920 must still
be predicated upon this statutory notice to quit.

The landlord, therefore, in an action brought against either a monthly tenant or a tenant from month to month for use and occupation or upon an implied agreement for an increased rental, must serve the tenant with a thirty days' notice stating that he elects to terminate the tenancy, and in the absence of such notice only the former monthly rent agreed upon may be recovered; any other course would nullify the provisions of chapter 209 of the Laws of 1920.

The complaint in an action for use and occupation alleged that the defendant entered into possession of the premises for dwelling purposes under a written lease for two years and therein agreed to quit and surrender the premises at the expiration of the term, but that he failed so to do and continued in possession of the premises. The answer following a denial of the reasonable value as set forth in the complaint alleged as a defense that the action was for rent under an implied agreement for use and occupation and that the rent demanded was unjust and unreasonable, presumptively so pursuant to statute, and that the implied agreement under which a recovery was sought was unjust, unreasonable and oppressive, and it was further pleaded that without the consent of defendant the rent sought to be recovered had been increased about seventy per cent over the rent as it existed one year prior to the alleged implied agreement. *Held,* that defendant was not a trespasser but was simply in lawful possession of the premises and was liable to plaintiff for use and occupation and that the dismissal of the complaint was error.

A defense of tender held not sustained, it appearing that plaintiff upon refusing to receive a check tendered by defendant, as rent, stated that he would consider accepting it as a tender of payment for the use and occupation of the premises.

It was agreed that in a prior action commenced December 10, 1920, between the same parties to recover the rental value for the use and occupation of the premises for the thirty days succeeding the expiration of the term under the written lease the jury on January 5, 1921, rendered a verdict in an amount which was an increase of about ten per cent over the rent reserved in the pre-existing lease and that the judgment entered upon such verdict was paid and satisfied, and no appeal from the judgment taken. It was further agreed that at the commencement of the present action defendant had paid nothing for his occupancy from December 10, 1920, to May 5, 1921, except that, with his answer, he deposited in court a certain sum

which was at the rate allowed by the verdict in the prior case. *Held,* that though there was no allegation in the complaint of any prior adjudication of any rental value of the premises as found by the jury in the prior case and no allegation of a change of conditions, the statement in plaintiff's bill of particulars that the taxes for 1921 exceeded those of 1920 in a certain amount met the requirements of the statute (Laws of 1921, chap. 434, § 7) and was a sufficient plea of the facts affecting the rental value of the premises, which arose since the period as to which the prior adjudication had been made.

The main purpose of the bill of particulars required by the statute (Laws of 1920, chap. 944) is to fairly apprise the tenant of all the facts upon which the value of the premises should be predicated and in terms provides that issue shall not be joined until the filing of such a bill of particulars.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Queens, fourth district, dismissing plaintiffs' complaint. The action was to recover the sum of $721.20, alleged to be the reasonable value of the use and occupation of premises from the 10th day of December, 1920, to the 5th day of May, 1921.

Gordon, Weed & Young (William Bierschenk, of counsel), for appellants.

Charles P. Northrop (Charles S. Clark, of counsel), for respondent.

KELBY, J. The complaint set up the ownership in the plaintiffs of the premises, and that on or about the 30th day of October, 1918, by a lease in writing then made between the plaintiffs and the defendant, the plaintiffs let to the said defendant the entire house and premises, known as No. 61 Sanford avenue, Flushing, for the term of two years then next ensuing from the 2d day of November, 1918, at the yearly rent of $1,050, payable in equal monthly payments

of $87.50 in advance, and in and by said lease defendant agreed that at the expiration of said term he would quit and surrender the premises. It further alleged that the tenant went into possession under the said lease, and at the expiration of the term, namely, on the 2d day of November, 1920, failed to quit or surrender said premises, but continued in possession of the same, and that the premises were used for dwelling purposes.

The answer of the defendant denied any knowledge or information sufficient to form a belief as to the ownership of the plaintiffs, and denied the allegations of paragraph " seventh " of the complaint, which alleged the reasonable value of the possession, use and occupation for the period sued for to be $721.20.

For a first defense the answer alleged that this was an action for rent under an implied agreement for use and occupation of premises in a city of the first class in the state of New York, and that the rent sued for in this action is unjust and unreasonable and presumptively unjust and unreasonable pursuant to statute, and the alleged implied agreement under which it is sought to recover said rent is unjust, unreasonable and oppressive. And further that the rent sought to be recovered in this action has been increased without the consent or agreement of defendant over the rent of said premises as it existed one year prior to the time of the alleged implied agreement about seventy per cent.

For a second defense it was alleged that on or about December 10, 1920, the plaintiffs commenced an action to recover rent for use and occupation from November 2 to December 10, 1920, for the premises described in the complaint in this action. That there were in said action the same parties as in this action, and the

35

issues in said action were to all intents and purposes the same as in this action, namely, what was a just and reasonable rent to be paid plaintiffs by defendant for said premises. That the defendant duly appeared and interposed as a defense in said action, under chapter 944 of the Laws of 1920, known as the Housing Laws, alleging the rent demanded by the plaintiffs was unjust and unreasonable, and demanded a trial by jury, and said action was duly brought to trial before a jus-tice of the court and a jury on January 5, 1921, and a verdict was rendered by said jury adjudging that a fair and reasonable rent for said premises was ninety-six dollars and twenty-five cents per month, from and after the termination of the lease described in the complaint as having been made October 30, 1918. And thereafter on February 15, 1921, an amended judgment in accordance with said verdict and for costs was duly entered; and that said judgment was duly paid and satisfied. It is further alleged as part of this defense that the plaintiffs have not appealed from that judgment, nor moved that the same be vacated or modified and that their time within which to appeal has expired. And further that the judgment so rendered fixing a just and reasonable rent for said premises is a bar to the maintenance of this action by plaintiffs, and that the matters alleged in the complaint herein are by reason of said verdict and judgment *res adjudicata.*

For a third defense it was alleged that ever since the expiration of the written lease described in the complaint, plaintiffs have continuously maintained that said defendant was a trespasser upon said premises, 61 Sanford avenue, Flushing, and have maintained and asserted to defendant that there was no agreement of lease between the parties to this action and that the relation of landlord and tenant

did not exist between them; and that in their complaint in the action commenced December 10, 1920, and in the complaint in the present action, plaintiffs elect to maintain defendant is and was a trespasser, and do not allege said premises were used and occupied by permission of plaintiffs under any agreement, or that the relation of landlord and tenant exists or existed between the parties from December 10, 1920, to May 5, 1921; and that the maintenance of such attitude and the election in such pleadings is a bar to the maintenance of this action for use and occupation.

For a fourth defense it was alleged that on or about February 19, 1921, the defendant tendered to plaintiffs the sum of $259.21, being the rent for said premises, adjudged to be fair and reasonable by said verdict and judgment, from December 10, 1920, to March 1, 1921; and that plaintiffs refused to accept said tender upon the ground that the relation of land lord and tenant did not exist between plaintiffs and defendant and they could not accept the same as rent. That the defendant has at all times been able, ready and willing to pay to plaintiffs the rent adjudged to be fair and reasonable for said premises, but plaintiffs have refused to accept the same.

Upon the defendant's demand the plaintiffs filed a bill of particulars, pursuant to the provisions of section 2 of chapter 944 of the Laws of 1920, showing the gross income derived from said premises for the year commencing December 10, 1919, and ending December 10, 1920, to be $1,062.35, and showing that there were no stores in the building, and that the whole house was occupied by the tenant. That there were fourteen rooms and four bath rooms in the house. That the property came to the plaintiffs by devise under the will of Louise R. Weed, who died Decem-

ber 19, 1916, and that the value of the property as appraised for the purpose of payment of transfer tax in the estate of Louise R. Weed was $12,500. The assessed valuation of the property, October 1, 1919, was $14,500, and October 1, 1920, $16,500. Taxes for the year 1920, $368.30; and taxes for the year 1921, $470.25. It further showed that there were no incumbrances, and, therefore, no interest paid. The operating expenses were the taxes set forth and an insurance premium of $20.16. It was also alleged in the bill of particulars that the depreciation on the building, separate from land valued at $10,000 (value December 19, 1916, date of acquisition) at the rate of four per cent per annum, $400.

The trial justice gave judgment for the defendant and dismissed the complaint, and handed down the following memorandum decision: " The verdict of the jury in the prior action fixed the monthly rental and I believe that the bringing of his actions by the landlord for use and occupation was an election to regard the tenant as a tenant and not as a trespasser. I believe the decisions of *Rosenberg* v. *Radish,* App. Term, No. 183 (1920), and *Starpoli* v. *Delise,* App. Term, No. 300 (1920), decide that before any increase can be demanded from the tenant the record must contain something to show 'a proper legal notice to the tenant as to an increase of rent or some evidence that the tenant agreed to pay such increase,' and where such notice is not given the proceeding is irregular and void. Such notice it is conceded was not given here. I permitted the tenant to deposit all arrears so that he now has the right to set up the defense of unreasonableness. Complaint is dismissed." The result, therefore, is that the plaintiffs' complaint has been dismissed and costs of forty-five dollars have been taxed against them.

The case of *Starpoli* v. *Delise,* cited by the trial justice, was a summary proceeding to regain possession of a store and a room behind the store and was commenced prior to the passage of the new rent laws. The petition in that case, verified March 26, 1920, alleged a monthly hiring, commencing on October 1, 1919, at twenty dollars a month, and a subsequent agreement of February 1, 1920, for rental at twenty-five dollars a month, to commence on March 1, 1920. The tenant was a tenant from month to month, and in that case this court held that no notice of any kind of an increase in rent was given and that there was a holding over under a previous agreement at the rate of twenty dollars, and that this rent could not be changed except upon due notice given to the tenant equalling in time that required by statute to terminate the tenancy.

The case of *Rosenberg* v. *Radish,* also cited by the trial justice, was an action to recover rent and was commenced before the passage of the new rent laws in April, 1920. In that case the landlord on June 11, 1918, notified the tenant that the rent for the premises then occupied by him as a lumber yard and also another parcel occupied by the tenant under the same original hiring would be increased from $60 a month to $110 a month. This court held that the notice of the increase of rent was ineffective to increase the rent commencing on the first day of July, as it was but twenty days' notice, and the statute then required a notice to terminate the tenancy of thirty days; and further that the notice while ineffective to increase the rent as of July first was effective to increase the rent from and after August first, in the event of the tenant remaining in possession after the receipt of said notice. And as authority for such holding cited

*Despard* v. *Walbridge,* 15 N. Y. 374, and *Amsden* v. *Floyd,* 60 Vt. 386.

At the time of making these two decisions, as above pointed out, the new rent laws were not then in existence. The law at that time gave to the landlord an election at the end of a term to regard the tenant as a trespasser when the tenant held over or to regard him as a tenant for a renewal of the term at the same rent. Since the passage of chapter 944 of the Laws of 1920, however, this right of the landlord of election has been suspended and the tenant is permitted to remain in possession without permission of the landlord and the landlord may bring an action to recover the fair and reasonable value for the use and occupation of the premises by the tenant. *Hall Realty Co.* v. *Moos,* 115 Misc. Rep. 506; *Rogan* v. *Weiss,* Id. 193; *Weil* v. *Lesser,* Id. 241. The effect of this statute (Laws of 1920, chap. 944) has been to make the occupation of the tenant lawful, in spite of the fact that the landlord does not desire to allow the tenant to remain in possession after the termination of the term granted in an agreement. The original agreement or lease having expired the tenant holds over by force of the statute in the absence of any new agreement. And even if the tenant makes a new agreement he can attack the rent reserved as unjust and unreasonable on the first day that the rent accrues. Under these circumstances there is no necessity of the landlord notifying the tenant that after the expiration of his term use and occupation will be at an increased rate.

In the case of tenancies from month to month, or monthly tenancies, a different rule applies. Under the terms of chapter 209, Laws of 1920, amending chapter 303, Laws of 1882, as amended by chapter 357, Laws of 1889, such a tenant, in the absence of service of the notice to quit therein provided for, has

the right to occupy the premises for another month at the same rent. This statute has not been repealed. Summary proceedings to recover real property under chapter 942, Laws of 1920, must still be predicated upon this statutory notice to quit. If, therefore, a landlord wishes to sue a monthly tenant, or a tenant from month to month, for use and occupation, or upon an implied agreement for an increased rental, he must serve the tenant with a thirty days' notice stating that he elects to terminate the tenancy. In the absence of such notice the landlord can recover from the tenant only the former monthly rent agreed upon.

While chapter 209, Laws of 1920, does not in terms provide what we have above stated, we believe that must necessarily be its meaning and effect. That statute clearly intended to prevent a tenant from being dispossessed unless he had received at least thirty days' notice of the termination of his existing agreement. If without having given such notice the landlord at the end of any month could claim that the reasonable rental value was greater than the amount theretofore paid and could sue the tenant therefor, he would, if successful, obtain a judgment against the tenant under which the latter could be dispossessed unless he paid the judgment within five days. Laws of 1920, chap. 944, § 6. In this way the landlord might dispossess his tenant without having given him any notice. This would virtually nullify the provisions of chapter 209 of the Laws of 1920. We, therefore, feel obliged to differ with the decision in *Rogan* v. *Weiss*, 115 Misc. Rep. 193.

In the instant case notwithstanding the fact that the tenant's term has expired under his lease and that he has received notice from his landlord to vacate the premises on the expiration of his term, the tenant still maintains that because now in possession over

the term he is entitled to hold possession for another year. Clearly this is not so. The fact is that the tenant is simply in lawful possession and not a trespasser and that he is liable for use and occupation to the landlord.

The tender by the tenant of a check as rent by his letter of February nineteenth was under a claim of holding over for a new year, and the landlord, the plaintiffs in this action, properly pointed out that he refused to accept the check as rent, but that he would consider accepting it as a tender of payment for use and occupation of the premises. The defense of tender was therefore not sustained.

There remain questions of law arising under section 7, chapter 434 of the Laws of 1921, which reads as follows: "Where there has been an adjudication of the reasonable rental value of premises, such adjudication shall determine and be binding in any subsequent action between the same parties involving the rental value of the same premises for a subsequent period, unless the plaintiff or the defendant, as the case may be, plead and prove facts which shall have arisen since the period for which the prior adjudication has been made, affecting the rental value of the premises."

It is agreed that on December 10, 1920, the plaintiffs commenced an action against the defendant to recover the rental value for the use and occupation of the premises for the period between November 2, 1920, to December 10, 1920, a period of thirty-eight days. On the trial of that case the jury rendered a verdict in favor of the plaintiffs in the sum of $125.49, which was an increase over the amount of rent reserved in the pre-existing lease of about ten per cent. After the entry of this judgment the defendant paid the same, judgment was satisfied, and no appeal from the

judgment was taken. It is further agreed that at the time of the commencement of this action the defendant had paid the plaintiffs nothing for his occupancy for the term from December 10, 1920, to May 5, 1921, except that with his answer he deposited into court $96.25, which sum was at the rate allowed by the jury's finding in the prior case.

The first question that presents itself under this section is one of pleading. The plaintiffs did not allege in their complaint any prior adjudication of the rental value of the premises as fixed by the jury in the prior case at the rate of $96.25 per month. While it is true that there is no allegation of change of conditions in the plaintiffs' complaint, the plaintiffs' statutory bill of particulars filed pointed out that the taxes for the year 1920 were $368.30, and the taxes for the year 1921, $470.25, with a resulting increase in the cost of maintaining the property of $101.95. Does this declaration in the statutory bill of particulars meet the requirement of the statute requiring the plaintiff or the defendant, as the case may be, to plead and prove facts which have arisen since the prior adjudication? The office of the ordinary bill of particulars is simply to amplify facts already alleged in the complaint. But we are dealing with a new kind of bill first created by the statute. Laws of 1920, chap. 944. The main purpose of this statutory bill was to fairly apprise the tenant of all the facts upon which the value of the premises could be predicated, and the statute in terms provided that issue should not be joined in such action until the filing of such bill of particulars. We see no reason for increasing the difficulties in pleadings in Municipal Courts. The whole intent of the various acts relating to Municipal Courts has been to make pleadings as simple as possible. The allegation, therefore, that

**554**      MATTER OF ANTOINETTE VISMAR.

Surrogate's Court, New York County, December, 1921.   [Vol. 117.

the taxes for the year 1921 exceeded those of 1920 by $101.95 was a sufficient plea of the facts affecting the rental value of the premises which arose since the period as to which the prior adjudication had been made.

The judgment should be reversed and new trial ordered, with thirty dollars costs to the appellants to abide the event.

CROPSEY and LAZANSKY, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide event.