Convent Holding Corporation, Landlord, *v.* Chester White, Tenant.

(Municipal Court of the City of New York, Borough of Manhattan, Seventh District, December, 1921.)

**Landlord and tenant — housing laws — reasonable rental of apartments — tenant holding over — defense of '' unreasonable and unjust rent under oppressive agreements ''— Laws of 1920, chap. 944 — Laws of 1921, chap. 434.**

Where a lease for not less than a year at a fixed rent expired on September 30, 1921, the tenant, though holding over without a renewal of his lease, is a tenant under chapter 944 of the Laws of 1920, and in a proceeding to dispossess him for non-payment of the rent for October, 1921, he is entitled to interpose the defense of "unreasonable and unjust rent under oppressive agreements."

The statute (Laws of 1921, chap. 434) amending the housing laws has no application to such a tenant.

Motions by landlords in various non-payment proceedings to strike out defenses.

J. Sidney Bernstein, Abraham Leichter and Samuel Hellinger, for various landlords.

Olcott, Bonynge, McManus & Ernst, Nordlinger & Riegelman, Clifford S. Bostwick, Lawrence E. Sherwood, Burger & Burger, Herman Bowsky and Seelav, Cohen & Brandt, for various tenants.

Davies, J.   These non-payment proceedings were brought to dispossess apartment tenants who had paid fixed rents under leases expiring September 30, 1921, of not less than one year's duration, and who now for the month of October, 1921, there being no contractual renewal, seek to interpose the defense of " unreasonable and unjust rent under oppressive agreements."

The landlords, relying upon chapter 434 of the Laws of 1921, move to strike out these defenses, and this court is called upon to decide whether said chapter has any application herein.

The appellate decisions construing the housing laws of April, 1920, and September, 1920, had determined that any tenant under an agreement made after April 1, 1920, had a right at any time during the life of the laws, to interpose the statutory defense, and the court's duty was to fix the fair and reasonable rental. If the rent claimed was no greater than that paid within the preceding twelve months then the burden of proving the said defense was placed upon the tenant, otherwise upon the landlord.

The 1921 legislature amended the housing laws in one respect by declaring that a judicial determination as to the fair and reasonable rental became binding as to successive rental periods until a change occurred in the situation of the premises; and in another respect by the enactment of chapter 434 with reference to said defense, the relevant part of which reads:

" But such defense shall not be allowed if it appear that the defendant pursuant to the terms of such agreement has paid after the commencement of the term and after this section as amended takes effect three successive monthly installments of rent, which accrued after such agreement."

As the counsel for the landlord here contends, the legislature intended to place some limitation upon the rent payment period during which the tenant must exercise his right to obtain a review of the reasonableness of the agreement.

By its repeated use of the word " agreement " it clearly appears, however, that this limitation was intended to apply only during the life of the agreement in question. The landlord's contention is that occupancy after the termination date of the lease herein, to wit, September 30, 1921, is that of a common-law holdover under implied agreement, and therefore bound by this chapter 434.

Our Appellate Term (First Department) has, however, in *Hall Realty Co.* v. *Moos,* 115 Misc. Rep. 506 (Opinion by Guy, J.) stated that " Before the enactment of recent legislation the landlord would have had the option of treating the tenants either as trespassers or as tenants under a new hiring upon the same terms as the previous leases. By chapter 944, Laws of 1920, this right of the landlord has been suspended and a new form of tenancy created under which a tenant is permitted to remain in possession without permission of the landlord, and the landlord may bring an action to recover a fair and reasonable rent for the premises while in possession of the tenant. See *Rogan* v. *Weiss,* 115 Misc. Rep. 193. This action was therefore brought in proper form, and the contention of the defendants appellants that they must be treated either as trespassers, in which

event the complaint should have been dismissed, or as tenants for a new hiring under the terms of their old leases, is erroneous.''

From this it will be seen that this tenant is not now holding by agreement but as a tenant under an emergency statute and chapter 434 of the Laws of 1921 has no application to him.

The landlord's motion to strike out the statutory defenses is therefore denied and the proceedings will be continued in accordance with the provisions of the housing laws.

Motion denied.