JENNIE BRESLAW, Landlord, *v.* HAROLD C. RIGHTMIRE, Tenant.

County Court, Kings County, December, 1922.

**Landlord and tenant — increase of rent — summary proceeding — petition — when allegation that rent is no greater than that for which tenant was liable in preceding month proper.**

Where a landlord in New York city served a notice in January on a tenant who was in possession of the premises prior to October, 1920, that if after March first the tenant continued in possession the rent would be at an increased amount and that his continuance would be deemed a consent to the increase and the tenant pays no rent for March or April, the landlord may after the April rent is due maintain summary proceedings.

The petition which sets up the non-payment of the April rent and alleges that it is no greater than the amount for which the tenant was liable for the preceding month is not defective on the theory that the tenant was not liable for the increased rent at any time.

The tenant set up the unreasonableness of the rent as a defense and upon an examination of the facts the proposed increase from thirty-five dollars to sixty dollars was limited to forty-five dollars.

53

SUMMARY proceedings. .

*Mark S. Feiler,* for landlord.

*William R. Murphy,* for tenant.

MCLAUGHLIN, J. This is a summary proceeding brought to recover possession of real property for non-payment of rent. The petition alleges that the rent of the premises described therein is no greater than the amount for which the tenant was liable for the month preceding the default for which this proceeding is brought. This is denied by the answer.

On January 28, 1922, the landlord served a notice of election to terminate the tenancy and remove from the premises on the end of February 28, 1922, stating that if the tenant continue to occupy the premises after said date the rent commencing March 1, 1922, would be at the rate of sixty dollars per month payable in advance and that such continuance would be deemed a consent on the tenant's part for the payment of sixty dollars per month rent. The tenant, who had been a tenant from month to month, made no answer to this, continued in possession after March 1, 1922, and refused to pay the increased rent of sixty dollars for March, 1922. The rent for February, 1922, had been thirty-five dollars. The tenant also refused to pay sixty dollars rent for April, 1922. The landlord then, in reliance upon the theory of an implied contract to pay sixty dollars for March, 1922, brought this proceeding for non-payment of sixty dollars for April, 1922, rent, alleging that such rent was no greater than the amount for which the tenant was liable for the month preceding the default for which this proceeding is brought. The facts are stipulated on the record.

The tenant moves for judgment dismissing the petition upon the ground that the allegation in the petition that the rent for April, 1922, is no greater than the amount for which the tenant was *liable* for the month preceding is not sustained in fact or law. It must not only be alleged in the petition but proved as a fact to permit the maintainance of the summary proceedings. Civ. Prac. Act, § 1410, subd. 2a. The tenancy here had been from month to month and the tenant was in possession on October 1, 1920, which fact brought him within the protection of the rent laws. *People ex rel. Durham R. Corp.* v. *La Fetra,* 230 N. Y. 429; *Levy Leasing Co., Inc.,* v. *Siegel,* Id. 634; *Brown Holding Co.* v. *Feldman,* 269 Fed. Rep. 306; *Farnham Realty Corp.* v. *Posner,* 200 App. Div. 827. The notice here served by the landlord pursuant to Laws of 1920, chapter 209, section 1, on the tenant with continued occupancy by the tenant

created an implied agreement for an increased rental (*Weed* v. *Carswell*, 117 Misc. Rep. 542, 550, 551), for which the landlord could sue. Against this was the statutory right of the tenant to set up the defense that the rent reserved was unjust and unreasonable. Subject to that qualification the amount of the rent for which the tenant was *liable* was fixed and if the tenant should pay it for three successive months he would lose his right to the statutory defense. He did not pay it for March or April.

What was the rent for which the tenant was *liable* for the preceding month? Was it thirty-five dollars, the former rent; sixty dollars, the rent fixed by the notice and continued occupation, or an amount to be fixed as the reasonable value of the use and occupation?

Liability is defined as " The state of being bound or obliged in law or justice." 2 Bouvier L. Dict. 1950; *Joslis* v. *Car Spring Co.*, 36 N. J. L. 145; *McElfresh* v. *Kirkendall*, 36 Ia. 226. It is recognized that an implied tenancy from month to month may be created by service of the notice of termination and of increased rent and the continued occupancy and that if the notice to quit were not given the tenant would have the right to occupy the premises for another month at the same rent. *Weed* v. *Carswell*, *supra*. In the latter instance (the absence of notice) the tenant would within the definition be *liable* for the same rent under the implied agreement of renewal or holdover. It is said in *Weed* v. *Carswell*, *supra* (at p. 551): " If, therefore, a landlord wishes to *sue* a monthly tenant, or a tenant from month to month, for use and occupation, *or upon an implied agreement for an increased rental,* he must serve the tenant with a thirty days' notice stating that he elects to terminate the tenancy. In the absence of such notice the landlord can recover from the tenant only the monthly rent agreed upon."

Does it not follow as a reasonable deduction therefrom that having given the notice the landlord may recover the increased rental unless the tenant interpose and succeed in a defense that the rent is unjust and unreasonable? Does it not also follow that the tenant is *liable* in the amount of the increased rent fixed by the implied agreement unless he interpose and succeed in a defense that the increased rent is unreasonable and unjust?

The Standard Dictionary defines the word " liable " as follows: " Exposed, as to damage, penalty, expense, burden, or anything unpleasant or dangerous; * * * justly or legally responsible; answerable; as, the endorser of a note is liable."

In the case of tenancies from month to month, or monthly tenancies, a different rule applies as to implied agreement of renewal by holdover than in the instance of a tenant who holds

over after the termination of the term granted in an agreement. *Weed* v. *Carswell, supra* (p. 550).

Here the increased rental for March, 1922, as fixed by the notice to quit became a liability on the part of the tenant. He was liable to pay it and could be sued therefor. Were the landlord to proceed in summary proceedings to recover possession of the premises for non-payment he would be unable to allege that the rent was no greater than that for which the tenant was liable for the month preceding, but if he waited a month and proceeded in the same manner as he did here to recover the April rent, alleging that the rent for April was no greater than for March, and the answer failed to set up that the rent was unreasonable, unjust, etc., the landlord would be entitled to his final order. Since the opinion in *Weed* v. *Carswell* the Appellate Term in this department has reaffirmed in memorandum the position that an implied contract may be so created in *Mayer* v. *Kain*, Nos. 729 to 732, inclusive, and unreported, where they say as to the tenants " they would be *liable* on implied contracts. The claim would not be for use and occupation."

The tenant here was liable for the rent for March, 1922, at the increased rate until relieved therefrom by a finding that the rent as so increased was unjust and unreasonable and he was also so liable for April. The allegation in the petition is, therefore, sustained in fact and in law and the motion is denied. The tenant has set up in his answer in this proceeding the defense that the alleged rent of sixty dollars, the alleged non-payment of which for the month of April, 1922, is the basis of this proceeding, is unjust and unreasonable and in violation of the statute known as chapter 944 of the Laws of 1920, as amended by chapter 434 of the Laws of 1921, and that an alleged agreement for the payment of the alleged rent, the alleged non-payment thereof being the basis of this proceeding, is oppressive under that statute, as amended. On stipulation the facts as to upkeep and expense have been agreed upon and stipulated on the record as has been the valuation of the property. The rental of sixty dollars, the alleged non-payment of which for the month of April, 1922, is the basis of this proceeding, is unjust and unreasonable and is fixed and determined at forty-five dollars which is the fair, just and reasonable rent. The landlord may have his final order and a warrant shall issue unless the tenant within five days pay to the landlord forty-five dollars rent for the month of April, 1922.

The tenant moves also for the dismissal of the petition in this summary proceeding upon the ground that any increased rental may only be recovered in an action for the fair and reasonable value of the use and occupation, citing Laws of 1920, chap. 136,

as amd., and *Levy Leasing Co., Inc.,* v. *Siegel, supra.* Were
the original term here other than a monthly tenancy or a tenancy
from month to month, the motion should be granted in view of the
decision in *Weed* v. *Carswell, supra* (p. 551), followed by *Maier*
v. *Kain,* and the provisions of section 1410, subdivisions 2 and 2a,
of the Civil Practice Act permitting the tenant, in a summary
proceeding for non-payment of rent, to interpose the defense
that the rent mentioned in the petition is unjust and unreasonable
and that the agreement under which the same is sought to be
recovered is oppressive and making all of the provisions of chapter
136 of the Laws of 1920, as amended, apply to a proceeding under
subdivision 2 (a non-payment proceeding). The motion must be
denied.

The rent laws are to be liberally construed to carry out the
intent thereof. Submit final order.

Ordered accordingly.