GLENBROOK COMPANY, INC., Respondent, *v.* W. HUNT HALL, Appellant.

First Department, June 1, 1923.

Landlord and tenant — action to recover rent — lease for three years expired October 1, 1922 — tenant was notified of increase more than thirty days before expiration — action is to recover rent for two months following expiration of lease — under Laws of 1920, chap. 944, §§ 3 and 4, plaintiff must plead that increased rent is fair and reasonable.

In an action to recover increased rent of premises in New York city after the expiration on October 1, 1922, of a three-year written lease, where the tenant was notified more than thirty days before the expiration of the lease that the

rent would be increased, the plaintiff must, by virtue of sections 3 and 4 of chapter 944 of the Laws of 1920, plead as a condition to the maintenance of the action that the increased rent demanded and sued for is a fair and reasonable rent for the premises and if he does not so plead a cause of action is not stated.

APPEAL by the defendant, W. Hunt Hall, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of January, 1923, denying defendant's motion for judgment dismissing the complaint, made upon the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.

*Griggs, Baldwin & Baldwin* [*Edwin N. Moore* of counsel; *Martin Conboy* with him on the brief], for the appellant.

*M. S. & I. S. Isaacs* [*Lewis M. Isaacs* of counsel], for the respondent.

SMITH, J.:

The complaint alleges that the plaintiff and defendant entered into an agreement whereby the defendant hired of the plaintiff an apartment at 570 Park avenue in the city of New York for three years from October 1, 1919, at the yearly rental of $4,000 payable in equal monthly payments in advance on the first day of every month during said term. Further, that more than thirty days prior to the 30th day of September, 1922, the date of the expiration of defendant's said lease, the plaintiff, through its duly authorized agent, notified the defendant that, commencing with October 1, 1922, the rent of said apartment would be increased to $5,900 per annum, and that if defendant were unwilling to pay the same, plaintiff would require possession thereof on September 30, 1922. The complaint then alleges the defendant's refusal to surrender the premises at the date of the expiration of said term, and that he has held over and is now in possession, and that he has refused and failed to pay the rent which fell due on the first days of October and November, 1922, amounting to the sum of $491.67 for each of said months, and that said rent, amounting in the aggregate to $983.34, is now due and owing to the plaintiff from the defendant, and no part thereof has been paid, and judgment is demanded therefor.

By section 1 of chapter 944 of the Laws of 1920, which is one of the September Rent Laws of 1920, it is provided that unjust, unreasonable and oppressive agreements for the payment of rent having been and being now exacted by landlords from tenants, it should be a defense to an action for rent accruing under an agreement for rent for premises in a city of the first class occupied for dwelling purposes, that such rent is unjust and unreasonable,

and that the agreement under which the same is sought to be recovered is oppressive. By section 3 of that act it is provided: " Where it appears that the rent has been increased over the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recovered, such agreement shall be presumptively unjust, unreasonable and oppressive." Section 4 then reads: " Nothing herein contained shall prevent the plaintiff from pleading and proving in such action a fair and reasonable rent for the premises and recovering judgment therefor, or from instituting a separate action for the recovery thereof."

Under the statute, then, this increase from $4,000 to $5,900 was presumed to be unjust, unreasonable and oppressive, and this action to recover the rent at the increased rate under that presumption of law does not state facts sufficient to constitute a cause of action, without an allegation that the rent demanded therefor is a fair and reasonable rent for the premises. The complaint, therefore, does not state a cause of action, and the defendant's motion should have prevailed.

This conclusion is fortified by section 4, above quoted, to the effect that nothing herein contained should prevent the plaintiff from pleading and proving in such action a fair and reasonable rent for the premises, and recovering a judgment therefor, or from instituting a separate action for the recovery thereof.

It is claimed by the respondent that the presumption that where rent is increased, the increased rent is unreasonable and unjust, does not arise until the defendant has raised the question in its answer; and further that the fact that chapter 944 of the Laws of 1920 is entitled " An Act to amend * * * ' An Act in relation to defenses in actions based upon unjust, unreasonable and oppressive agreements for rent,' " indicates that before any presumption raised in that chapter will take effect, the defense must be pleaded. The argument seems to me to be a *non sequitur*. The provision in section 3 of the chapter provides explicitly that where rent has been increased over the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recovered, such agreement shall be presumptively unjust, unreasonable and oppressive. This provision is not limited to defenses affirmatively set up in the defendant's answer, and this would seem to be indicated by the provisions of section 6 of the same chapter, under which a deposit is required to be made by the answering defendant; and the statute then provides, if the defendant failed to make such deposit, " the court shall strike out *the denial or defense* raising such issue." In the face of the statute, therefore, raising a presumption that the rent

is unjust and unreasonable, if the rent had been raised from what it was under a contract theretofore existing, the plaintiff certainly could not safely commence his action without rebutting that presumption; and the failure to allege that the increased rent was reasonable and just is fatal to a recovery at the increased rate. The landlord loses nothing by this interpretation. Upon a denial by the defendant that the rent demanded is reasonable and just, the tenant must make the deposit or the denial will be stricken out; and I am unable to find any support for the respondent's contention that this presumption of unreasonableness attaches to increased rent only after an allegation of unreasonableness in an answer of the tenant. If the plaintiff sought to recover for such increased rent, which is made presumptively unreasonable and unjust by the statute, he should not only prove, but should plead, that such rent was reasonable and fair. This statute has been amended and its application extended by chapter 434 of the Laws of 1921 and by chapters 663 and 664 of the Laws of 1922.

It is not necessary here to decide whether a holdover constitutes a tenant for the year, or makes him a tenant at will. The rent sought to be recovered is for two months in which the defendant has actually occupied the premises. Whether, if the defendant should leave the premises, the plaintiff could recover the fair and reasonable rental thereof for the remaining months of the year, is a question that is not raised and is not decided on this appeal.

It is immaterial whether the action be called one for rent or for use and occupation. In either event it is an action to recover for the use of the property, and the terms of the lease are binding upon the parties, except so far as the amount of rent is concerned and the termination of the lease is provided for.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days on payment of said costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days on payment of said costs.