PRIMEL REALTY COMPANY, Respondent, *v.* ELLIOTT RILEY, Sued Herein as "JOHN REILLEY," Appellant.

Supreme Court, Appellate Term, First Department, June 15, 1925.

Summary proceedings to dispossess — Rent Laws — non-payment of rent — bill of particulars filed by landlord shows yearly rental for year prior to tenant's occupancy to be lower than rental reserved in his lease — Laws of 1920, chap. 136, § 2, as amd. and renumbered section 3 by Laws of 1920, chap. 944, and as amd. by Laws of 1921, chap. 434; and Civil Practice Act, § 1410, subd. 2-a, are applicable — bill of particulars properly considered on motion by tenant to dismiss.

A bill of particulars filed by a landlord, in summary proceedings to dispossess for the non-payment of rent, disclosing that the rent one year prior to the time of tenant's occupancy to be lower than the rent reserved in the lease under which tenant holds, within the meaning of the provisions of section 2 of chapter 136 of the Laws of 1920, as amended and renumbered section 3 by chapter 944 of the Laws of 1920, and as amended by Laws of 1921, chapter 434; and subdivision 2-a of section 1410 of the Civil Practice Act, placed the burden upon the landlord to show that the rent sued for was reasonable under tenant's defense of unreasonableness of rental.

It was proper to consider the landlord's bill of particulars upon the tenant's motion to dismiss.

APPEAL by a tenant from a final order of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, entered upon a directed verdict, after a trial by a judge and jury, in a summary proceeding for non-payment of rent.

*Alan L. Dingle*, for the appellant.

*Abraham Leichter* [*Louis Joffe* of counsel], for the respondent.

PER CURIAM:

Defendant entered into a lease on the 7th of August, 1924, of apartment 11 in the landlord's premises for one year beginning on that date, at the monthly rental of sixty dollars.   After paying the rent at this rate for two months, he refused to pay the rent for the third month, and pleads the defense of unreasonableness to this summary proceeding.

The landlord proved the execution of the lease, the entry into possession, the default for the third month, and then rested.    The tenant moved to dismiss on the ground (as the colloquy shows) that it appeared that the rent was presumptively unreasonable because it was greater than that paid for the premises one year prior to the date of the agreement.    (See Laws of 1920, chap. 136, § 2, as amd. and renum. § 3 by Laws of 1920, chap. 944, and as amd. by Laws of 1921, chap. 434, being one of Rent Laws; Civ. Prac. Act, § 1410, subd. 2-a, added by Laws of 1921, chap. 199, as amd. by Laws of 1921, chap. 371.   See, also, Laws of 1922, chap. 663, and Laws of 1924, chap. 6.)    The bill of particulars filed by the landlord is relied upon by the tenant as evidence that the rent has been increased since it states under the heading " schedule of rents for apartments " that the yearly rental of apartment 11 was $600.

We agree with the tenant's contention that this is an admission that the rent one year prior to the time of the agreement under which the present tenant holds was lower than the rent reserved in this lease, and placed the burden upon the landlord of going forward with evidence to show that the rent sued for was reasonable. (*Glenbrook Co., Inc.*, v. *Hall*, 205 App. Div. 593.)

The bill of particulars may of course be considered on a motion for judgment.   (*Dineen* v. *May*, 149 App. Div. 469.)

Final order reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Bijur, McGoldrick and Levy, JJ.