JOHN SCHAAF, Plaintiff, v. GEORGE JAEGER and Another, Defendants.

City Court of Buffalo, April 3, 1928.

**Landlord and tenant — action for rent — plaintiff purchased property from defendants and defendants reserved right to use and occupy premises for two months — premises sold subject to tax of $78.38 — action is to recover for use and occupation for four months following expiration of said two months — defendants' contention that Emergency Rent Laws apply, is not sustained.**

Plaintiff sues to recover for the use and occupation of premises from January 1, 1927, until May 1, 1927. The plaintiff purchased the premises in question from the defendants on November 11, 1926, and the defendants reserved the right to use and occupy the premises as tenant of the plaintiff until January 1, 1927. The premises were sold subject to a tax of $78.38, the collection of which on final adjustment by the parties was foregone by the defendants.

The defendants' contention that the Emergency Rent Laws apply and that plaintiff could not recover for rent for use and occupation from January to May, is not sustained.

The defendants' theory that $78.38, which they finally paid, constituted rent for two months, is wrong, for there was never any intention on the part of the parties that the defendants should occupy the premises until January 1, 1927, at a stipulated rent, and, therefore, the defendants were not holding over after January first, but an arrangement made at the time was a new or original contract whereby the defendants were permitted to remain in possession.

Therefore, the plaintiff is entitled to recover for the use and occupation of the premises and is not limited in that recovery by the Emergency Rent Laws.

ACTION for use and occupation of premises.

*Aaron & Dautch* [*A. Howard Aaron* of counsel], for the plaintiff.

*Vincent H. Riordan*, for the defendants.

HARTZELL, J. This is an action by plaintiff against defendants to recover the sum of $500 for use and occupation of premises situated on Bailey avenue, north of Genesee street, in the city of Buffalo, for the period of four months, namely, from January 1, 1927, to May first of the same year.

It appears from the evidence in the case that the plaintiff purchased from the defendants the said premises for the sum of $15,000, which were conveyed to the plaintiff by the defendants by deed dated November 11, 1926. At the time of the negotiations between the parties for the purchase of the premises, it was arranged that

said defendants should have the right to occupy the premises until January 1, 1927, and that said premises would be conveyed subject to a city tax, amounting to seventy-eight dollars and thirty-eight cents. This agreement between the parties becomes important, as it furnishes the main ground of defense to this action. In reference thereto, the defendants quote from the deed the following provisions: "As a part of the consideration for this conveyance the grantors reserve the right to use and occupy said premises as the tenant of the second party   *   *   *   until the 1st day of January, 1927." And the other reads: "Premises are conveyed subject to the second current city of Buffalo general city tax of $78.38."

The answer of defendants is a general denial, and also interposes the defense that the defendants by the terms of the deed of conveyance became tenants of the plaintiff from date thereof up to January 1, 1927, at a rental of seventy-eight dollars and thirty-eight cents for the term thereof, or at the rate of forty-six dollars and twenty cents per month for said term; that the said defendants held over as said tenants from said January 1, 1927, to May first of said year; that the Emergency Rent Law in force and effect at the time herein mentioned provides that " it shall be necessary for the plaintiff to allege and prove that the amount demanded in the complaint is no greater than the rent or rental value paid by the defendant during the month preceding that which is the basis of the action or, if greater, that at least thirty days' notice of such increase in writing had been given to the defendant before such amount had been so increased " (Laws of 1924, chap. 628, § 1); that the complaint herein contains no allegation of fact required by said section of the Rent Laws, and that no proof was given relative thereto.

The defendants, therefore, ask for a dismissal of the complaint, with costs, or, if plaintiff should be deemed to have the right of recovery, that the same should be limited to the rental value represented by the tax above mentioned of seventy-eight dollars and thirty-eight cents, covering the aforementioned period from November 11, 1926, to January 1, 1927, or the sum of forty-six dollars and twenty cents per month for the four months from January 1, 1927, to May first of said year, equaling one hundred and eighty-four dollars and eighty cents, less the costs of the action.

The Rent Laws further provide: " The plaintiff shall be entitled to costs only in the event that he recover the full amount demanded in the complaint, and if, in an action for increased rent, the plaintiff recover no more than the amount of rent last paid the defendant shall be entitled to costs." (Laws of 1924, chap. 628, § 2.)

It appears from the evidence herein that, after occupying the

premises from the date of the conveyance to the first of the year, upon the date of January 1, 1927, the defendants Jaeger asked permission to continue occupancy of the premises for a further period of four months, to wit, to May, 1927, which was granted by the plaintiff. No agreement was made between the parties as to the payment of any specific amount of rental for said period, except that the rental for such period was to be a reasonable amount.

The claim of the defendants here is that, having occupied the premises from November 11, 1926, to January 1, 1927, at a rental of $46.20 per month, the demand by the plaintiff from the defendants of the sum of $500, or $125 per month, for the use and occupation of said premises for the four months from January, 1927, to May 1, 1927, constituted an increase in rental, and that, the plaintiff having not alleged and proved that said increase in rent followed the giving of a notice of such increased rental at least thirty days before the commencement of said term, this action is barred by the provisions of the Emergency Rent Laws above quoted. In other words, the claim of the defendants is that, where the cause of action occurred prior to May, 1927, unless the plaintiff first alleges and then proves that there has been no increase in rent, or, if increased, that thirty days' notice of intention to increase had first been given, no recovery can be had.

By chapter 568 of the Laws of 1927 the Emergency Rent or Housing Laws were extended and continued until the 1st day of June, 1928. The last part of section 1 of said chapter 568 of the Laws of 1927 provides that these Rent Laws " shall apply to all tenancies, agreements and leases relating to or affecting premises occupied for dwelling purposes in the cities of New York and Buffalo entered into or executed subsequent to the twenty-seventh day of September, nineteen hundred and twenty." The deed in evidence from the defendants to the plaintiff describes the defendants Jaeger " as the tenants " of the plaintiff. As quoted above, the statute covers " all tenancies, agreements and leases relating to or affecting premises," etc.

Section 1 of the Emergency Rent Laws, as last amended by chapter 664 of the Laws of 1922, defines the emergency which was the reason for its passage, and creates the defenses specified in the statute. Section 1-a, as added by chapter 664 of the Laws of 1922, and re-enacted by chapter 628 of the Laws of 1924, provides: " In an action mentioned in the preceding section, it shall be necessary for the plaintiff to allege and prove that the amount demanded in the complaint is no greater than the rent or rental value paid by the defendant during the month preceding that which is the basis of the action or, if greater, that at least thirty days' notice of such

increase in writing had been given to the defendant before such amount had been so increased."

The learned counsel for defendants cites, among others, the case of *Glenbrook Co.* v. *Hall* (205 App. Div. 593), wherein the defendant, occupying certain premises under a three-year lease, was notified by his landlord more than thirty days before the expiration of his term that, if he wished to continue, it would be at an increased rental. At the end of his term the tenant continued in possession and refused to pay the increased rental or surrender the premises. Action was brought by plaintiff to recover rent for the first two months of such occupancy that the defendant remained in possession after the expiration of his lease. The court held that the failure of the plaintiff to allege the facts required by the statute was fatal, and that under the same the plaintiff was required to allege and prove that the amount demanded in the complaint was no greater than the rent or rental value paid by the defendant during the month preceding. Further it held that it is immaterial whether the action be called one for rent or for use and occupation. (*Glenbrook Co.* v. *Hall, supra; Glenbrook Co.* v. *Walsh*, 205 App. Div. 597.)

It appears that these Emergency Rent or Housing Laws originally referred to summary proceedings for the removal of tenants, actions of ejectment and for rent, but the statutes were later extended so as to afford protection to one who holds over after the expiration of his term. Such tenant holds over, not by agreement, or as a trespasser, or a tenant under a new lease, but as a tenant under the Emergency Rent Laws. The tenant thus remains in possession, not by virtue of any agreement, either express or implied, either as to duration of term or amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain. The tenant does not offer to remain in possession of the premises. He insists on doing so. The landlord does not accept his proposition. The law forces it upon him. (*Convent Holding Corporation* v. *White*, 117 Misc. 210; *Hall Realty Co.* v. *Moos*, 115 id. 506.) By suspending possessory remedies under the lease, these laws extended, against the will of the landlord, the right to the tenant to remain in possession of the leased premises so long as he continued to pay what the law styled a reasonable rent or price for their use and occupation. (*Stern* v. *Equitable Trust Co. of New York*, 238 N. Y. 267.)

The defendant further points out that section 4-a of the act (added by Laws of 1922, chap. 664, § 2) provides that: " For the purpose of determining the fair and reasonable rent or rental value, the value of the real property, of which the premises in question are the whole

or a part, shall be presumed to be the assessed valuation thereof for the year in which the first instalment of rent or rental value for which the action is brought accrued."

In this connection he alleges that the courts have held that eight per cent of the assessed valuation is a fair and reasonable return.

The learned counsel for the plaintiff holds that the amount of the tax, seventy-eight dollars and thirty-eight cents, reserved in the deed for payment by the plaintiff, can in no manner be deemed a rental for the premises in question for the said period of occupancy by the defendants from the date of the conveyance, November 11, 1926, to the first of the year, viz., January 1, 1927; that as a matter of fact, by the arrangements entered into between the parties, the defendants were to pay no rent or rental value for occupancy of the premises for said period, and, therefore, the Emergency Rent Laws have no application to the case at bar. A careful consideration of all the evidence in the instant case leads me to this conclusion. In this connection it will be noted that defendants quote from the deed as follows: " As a part of the consideration for this conveyance the grantors [defendants] reserve the right to use and occupy said premises as the tenant of the second party [plaintiff] until the 1st day of January, 1927."

A reference to the deed shows that a full quotation of the subject-matter in reference thereto throws more light upon the true meaning of the arrangement concerning the use of the premises by the defendants. Quoted in full, said provision of the deed is as follows: " As part of the consideration for this conveyance the grantors reserve the right to use and occupy said premises, as the tenant of the second party, free from the payment of any rent or other charge, cost, or expense whatsoever, and free from any interference, annoyance, or molestation on the part of the grantee until the 1st day of January, 1927, on which day the grantors agree to vacate said premises."

It thus appears that this deed by its express terms provided that the occupancy up to January first was " *free from the payment of any rent.*" In view of this fact, I do not see how, under any possible construction of the facts, plaintiff's demand for compensation during the subsequent term could be deemed an increase of rent. If there was no rent in the first instance, there could be no rent in the second instance.

The fact that defendants, on the adjustment of charges between buyer and seller, did not charge back to plaintiff the item of some seventy-eight dollars which was the prorated amount of taxes from the date of closing the deal until January first, the end of the tax period, in my opinion, in no manner constituted this item a rental

charge or a gauge of the use and occupancy value of the premises. In fact, plaintiff permitted the defendants to occupy the premises *rent free.*

The plaintiff paid $15,000 for the premises, which the evidence revealed were worth less than that amount. There was a claim on the part of the defendants that the payment of said tax was the consideration for the occupancy of the premises. But the deed, which is the contract between the parties in relation thereto, fails to contain any statement to that effect. It appears to me that the defendants, after securing a purchaser of the premises for a sum of money which was more than the property was worth, were very glad, upon the adjustment reached at the closing of the deal, to forego the payment by plaintiff of this small item, which in its greater part was the debt of the defendants themselves, as it represented the last half of the current city tax, and the plaintiff was only responsible for a comparatively slight fractional part thereof.

I believe it is not only a doubtful, but an unfounded, claim on the part of the defendants to seek to have this small item considered as the value which the parties placed upon the rental of the premises, when as a matter of fact, as it appears to me, there was no such intention between the parties, express or implied. It is apparent, therefore, that, there being no agreement between the parties, express or implied, for the payment of rent to plaintiff from defendants for the period from the date of conveyance to the first of the year, the provisions of the Emergency Rent Laws have no application to the instant case before the court.

Had there been a rental value agreed upon, either expressly or by implication, between the parties, the claim of the defendants, as upheld by the authorities cited in the able brief of counsel, would have been a complete bar to this action on account of plaintiff's failure to allege and prove the requirements, above mentioned, set forth in the statute.

In reference to section 4-a of the act, quoted above, upon which defendants lay great stress, I am of the opinion that the same is to be interpreted to mean that, while the assessed valuation of the real property shall be presumed to be the real value thereof for the purpose of estimating a fair and reasonable return from the premises, *such presumption may be overcome* by direct evidence offered and received in the case as to the actual value of the property. Expert witnesses as to value were sworn by both sides in the instant case, and the rental value placed upon the property by them ranged from thirty-five dollars per month, as testified to on behalf of defendants, to eighty dollars per month, as given in favor of plaintiff.

At the close of the case plaintiff reduced its demands against defendants to a claim of $80 per month for the four months' occupation by them of said premises, instead of the original claim of $500 for said period, or $125 per month. I am of the opinion that such claim is fully justified by the evidence herein, that the defendants were not tenants of the plaintiff from date of deed to January 1, 1927, at any rental whatever, either expressed or implied, and that they occupied the premises by consent of the plaintiff, such consent and such occupancy being part of the consideration for the purchase price of the premises; that such occupancy was in no manner dependent upon, and was wholly disconnected from, the matter of the small item of the tax mentioned in the deed.

I am of the opinion that defendants in no sense " held over " as tenants of plaintiff, as defined by law or any statute, and that, no rent being called for by the agreement between the parties for the occupancy to January 1, 1927, the Emergency Rent Laws have no application here, and no provision thereof can be advanced as a bar to this action. It will be remembered that the plaintiff paid $15,000 for the premises, which sum was conceded on the trial by defendants to be an excessive price, and it is apparent to me that the defendants were so intent upon getting a good bargain that they, in addition to the large sum paid by plaintiff, exacted from him, as part of the consideration for the conveyance, the privilege of occupying the premises to the first of the year rent free. Plaintiff, therefore, has a perfect right to recover from defendants the reasonable value of the use and occupation of said premises from January 1 to May 1, 1927, as an original letting.

The landlord may bring an action to recover from the tenant a reasonable rent. (*Stern* v. *Equitable Trust Co. of New York*, 238 N. Y. 267; *Rogan* v. *Weiss*, 115 Misc. 193.) In the case of *Hall Realty Co.* v. *Moos* (115 Misc. 506) evidence was admitted as to the present market value of premises, a value largely based upon excessive rentals charged by owners of similar property, which led to the emergency the statute declared existed, and which the statute intended to remedy, and a recovery on that basis was held invalid. The court, in the course of its opinion, says: " It was clearly the intent of the legislature that a landlord should be restricted to such rentals as would yield, not a reasonable income on values created by profiteering methods, but *a reasonable income on his investment.*"

In this connection a reasonable rent is defined in the case of *Sperling* v. *Barton* (188 N. Y. Supp. 857) wherein the court says that a reasonable rent is determined by deducting direct expenses and allowing the landlord a ten per cent return on the value of the

property at a liberal appraisal. I find from the evidence herein that such reasonable rental value is the sum of eighty dollars per month.

Judgment, therefore, is rendered in favor of plaintiff and against defendants for the sum of $320, with interest thereon from the date that each month's rental successively accrues, together with costs and disbursements herein.