RITA DECTOR, PEARL SEROTA, AND DISTRICT COURT OF THE CITY OF ATLANTIC CITY, COMPLAINANTS-RESPONDENTS, v. WINTHROP PHELPS, DEFENDANT-PROSECUTOR.

RITA DECTOR, PEARL SEROTA, AND DISTRICT COURT OF THE CITY OF ATLANTIC CITY, COMPLAINANTS-RESPONDENTS, v. JULIA WICK, DEFENDANT-PROSECUTOR.

Argued February 14, 1947—Decided March 10, 1947.

For the defendants-prosecutors, *Harry Miller*.

For the complainants-respondents, *Morris Bloom*.

EASTWOOD, J.   Writs of *certiorari* have been allowed to review the validity of judgments of possession entered in the above causes and argument thereon has been heard by me pursuant to statute.   The facts in each case are similar and will be treated hereafter as a whole.   I have heard the arguments of counsel and reviewed their respective briefs.   Both have been most helpful to the court in arriving at its conclusion.

The actions in the Atlantic City District Court were founded upon written leases each dated September 15th, 1944, made by and between one George E. MacBride, complainants-respondents' predecessor in title as landlord, and the respec-

54

tive defendants-prosecutors, Winthrop Phelps and Julia Wick, as tenants. The leases in question provide for a termination of the tenancy in the following language:

"Either party hereto may terminate this lease at the end of said term by giving the other written notice of such intention at least thirty days prior thereto; * * *."

The leases provided for a term of one year in each case and were to run from year to year until terminated by either party giving the requisite notice above referred to. On August 2d, 1945, application was made by the landlord, Rita Dector, to the Office of Price Administration, Atlantic County Defense Rental Area, for permission to pursue appropriate remedies for the removal or eviction of the respective tenants from the housing accommodations in question on the ground that said Rita Dector, one of the owners thereof, desired to occupy the same in good faith for her immediate use and occupancy as a dwelling. A certificate relating to eviction, permitting such action, was thereafter issued by the Office of Price Administration, Atlantic County Defense Rental Area, authorizing such action to be commenced not sooner than the expiration of three months after August 3d, 1945. On or about June 14th, 1946, the landlords caused to be served upon the respective tenants the usual "Notice to Quit," requiring that the tenants deliver up and surrender the leased premises to the landlords on September 15th, 1946. Possession of the leased premises not having been surrendered on that date, dispossession proceedings were instituted by the landlords, complainants-respondents herein, in the Atlantic City District Court and judgments of possession were thereafter entered. Writs of *certiorari* were then obtained by defendants-prosecutors to review the validity of said judgments.

It is contended by defendants-prosecutors that the notice to quit was not legally effective to terminate the tenancies, it being urged that such notice to quit does not operate as a termination of the various rights and liabilities of the several parties under the leases, but simply goes to the question of a surrender to the landlords of physical possession of the housing accommodations. I think not. The nature of

the tenancies created by the leases under review is the ordinary, everyday type of tenancy, with which the average man is fully familiar. There is nothing unusual about the leases and their mode of termination that requires other than the common and usual construction as to the meaning of the word "termination." Landlords and tenants ordinarily understand that the surrender and delivery of possession of rented premises operated, to all intents and purposes, as a termination of the rental agreement. In so far as I have been able to ascertain, a valid notice to quit has always been considered legally effective to terminate a tenancy in the absence of other qualifying circumstances. None of the latter appear to be involved here. A fair reading of the notices to quit given to the tenants in the instant proceedings, fully apprised the tenants of the following facts:

1. That the relationship of landlord and tenant existed between the parties.

2. That the leased premises were to be vacated and the possession of same delivered to the owner on September 15th, 1946.

3. That the tenants' right of possession would expire on that date.

4. That the landlords desired the use of the leased premises for dwelling purposes on the part of the landlord, Rita Dector, as a year round home and legal residence for her and her family.

It clearly appears that the tenants were made fully aware that they would have no further right to the premises in question after September 15th, 1946, which ordinary reasonable persons would understand to mean that their rights, so far as the leased premises were concerned, would thereafter be at an end. Further, it cannot be gainsaid that the tenants did not have full knowledge that their rights therein might be terminated by reason of the permission given by the Office of Price Administration in August of 1945, permitting the landlords to institute dispossession proceedings at the expiration of three months after August 3d, 1945. A fair reading of the leases in question clearly indicates that all that is required for a termination of the tenancies is a notice that

the landlord intends to terminate the lease. Certainly, a notice to quit has ordinarily and universally been understood as sufficient to achieve that end. Proper notice of the intended termination having been given and the dispossession proceedings having been duly instituted, the judgments of possession entered therein by the District Court were entirely proper.

I have considered all the other reasons for reversal urged by the defendants-prosecutors and find them to be without merit.

The writs of *certiorari* will, therefore, be dismissed, with costs.