LOUIS ABBENANTE *et ux. vs.* ANTHONY GIAMPIETRO.

MAY 27, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass and ejectment which was tried in the superior court without a jury, and at the conclusion of the evidence for the plaintiffs defendant moved that the court render a decision in his favor as a

matter of law. Thereupon plaintiffs made a similar motion in their own behalf. No objection being made to this method of obtaining a decision on the merits the trial justice denied plaintiffs' motion and granted that of the defendant. The case is here on plaintiffs' exceptions to his rulings on the motions for decision.

The trial justice decided against the plaintiffs on the ground that the notice to quit which they had given the defendant was not absolute to quit on a day certain but was couched in the alternative and therefore did not comply with general laws 1938, chapter 453, §4, providing that "Tenants by parol of lands, buildings, or parts of buildings, for any term less than a year, shall quit at the end of the term upon notice in writing from the landlord given at least half the period of the term, not exceeding in any case 3 months, prior to the expiration of the term." Plaintiffs argue that the notice which they gave by letter of February 11, 1948 did comply therewith and that such language as appeared to make it sound in the alternative was made necessary by the requirements of the federal area rent regulations and therefore cannot be validly construed to vitiate the certainty and the absolute terms of the notice.

The letter, a copy of which is in evidence as an exhibit, reads as follows:

"February 11, 1948

Mr. Anthony Giampietro
Second Floor
41 Howard Street
Providence, R. I.
Dear Sir:
You are hereby notified that your existing tenancy at the rental of $25 per month is hereby terminated as of midnight, February 29, 1948.
That starting on March 1, 1948, rent for the above premises will be at the monthly rate of $30 payable on the first of each month in advance; that is, the first $30 monthly payment will be due on March 1, 1948.
This is all in accordance with the maximum legal rent

for the premises as established by the original registration filed in the Area Rent Office on Dec. 8, 1942, wherein the maximum legal rent for your premises was set at $30 per month.

Should you fail to pay the rent at the rate of $30 per month starting on March 1, 1948, we shall have no alternative except to institute trespass and ejectment proceedings at the proper time.

> Very truly yours,
> Louis W. Abbenante and
> Sadie Abbenante
> By their Attorney"

Plaintiffs are the owners of the premises at 41 Howard street and let the second floor tenement thereof to defendant, a brother-in-law of plaintiff Louis Abbenante, at the monthly rent of $25. On December 8, 1942 this tenement had been registered with the area rent office in Providence at the maximum monthly rent of $30 which was the amount that had been charged on March 1, 1942, the effective date of federal rent control. However, because of the relationship existing between them and defendant, plaintiffs upon acquiring the house in November 1946 rented the tenement to defendant at less than the maximum rate that could be charged in accordance with the applicable rent regulations. Sometime later differences arose between them and for that reason plaintiffs decided that they were thereafter going to charge the defendant the maximum rent and so they sent the above letter informing him of their intention.

The real questions are: Did they by such letter demand that he quit the premises absolutely on the day named and was it the proper quittance day, or did they merely notify him that he would have to pay $30 a month if he wished to remain as their tenant? It is clear to us from a fair reading of the letter that the latter was their intention. But they claim that they had to phrase the notice in that manner in order to comply with area rent regulations of the federal government which accorded to the

tenant in possession the right to continue in occupancy if he was willing to pay the maximum rent.

We are unable to agree with this contention. If plaintiffs were demanding the premises freed of the existing tenancy at $25 a month defendant was entitled to an unequivocal notice to quit on the day next succeeding the last day of such tenancy. *Industrial Trade Unions of America* v. *Metayer,* 69 R. I. 199. The letter here in question does not do this. If it is a notice to quit at all, which is doubtful, it is for the tenant to quit the premises on the last day of his term, to wit, at midnight February 29, 1948, or be deemed to be a tenant under a new tenancy of $30 a month on and after March 1, 1948. Indeed this was the precise meaning which plaintiffs intended the letter to convey. Thereafter they accepted defendant's monthly payments of $25 merely as a credit toward what they thereafter understood was the real rental obligation of the defendant because he had continued in possession on March 1, 1948 and thereafter. Defendant, however, did not treat the letter as having that effect and at no time agreed to a new tenancy of $30 a month. In the absence of such an agreement he remained a tenant of the plaintiffs at the rental of $25 a month, and not a trespasser, as he had not been given a proper notice to quit. The relation of landlord and tenant arises by contract, express or implied. *Regan* v. *Rogers,* 68 R. I. 319.

If plaintiffs intended to comply with the law of this state pertaining to the requirement of serving upon the tenant a notice to quit and at the same time intended to comply with any federal rent regulation which accorded a preference to the tenant in possession to remain in occupancy at the maximum rent, they should have notified their tenant to quit absolutely on the day succeeding the last day of the existing tenancy unless he indicated his intention to them to avail himself of the privilege to retain possession under a new tenancy at the maximum rental permitted by the area rent regulations. Such a tenancy could

arise only at the option of the tenant. Having given such a notice it would then be the plaintiffs' duty to act in accordance with it and accept no rent thereafter from the tenant until the district court decided the case, or unless such rent was that imposed by the new tenancy. In the latter case the notice would have served the purpose of creating such tenancy by a new agreement. Plaintiffs, in addition to not giving a proper notice, did not so act but sought to impose a new tenancy on the defendant against his will.

Plaintiffs' final contention 'that their letter terminated the defendant's tenancy and thereafter he was a trespasser who was not entitled to a further notice to quit seems to us to beg the whole question. Unless a proper notice to quit is given to the tenant his tenancy is not terminated regardless of the landlord's intention. If the plaintiffs' letter were a proper notice to quit there would be merit in their contention. But as we have held that it was not such a notice there was therefore no termination of the defendant's tenancy and defendant was not a trespasser. Without proof of a proper notice to quit having been served on the defendant a necessary condition precedent to plaintiffs maintaining an action of trespass and ejectment was lacking.

The plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Nathan Perlman,* for plaintiffs.

*Ralph Rotondo, Michael Addeo,* for defendant.