8 N.J. Super. 226 (1950)
73 A.2d 840
PHILIP HERTZBERG, PLAINTIFF-RESPONDENT,
v.
CHARLES SIEGEL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1950.
Decided June 8, 1950.
*227 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Louis Schwartz argued the cause for appellant (Messrs. Schwartz & Schwartz, attorneys).
Mr. Louis Nussman argued the cause for respondent (Messrs. Nussman & Kaplan, attorneys).
*228 The opinion of the court was delivered by COLIE, J.A.D.
This appeal is from a judgment awarding possession to the landlord in a dispossess proceeding in the District Court. Plaintiff owned an apartment house in which defendant was a month to month tenant at a rental of $30 per month. On October 25, 1949, the Office of the Housing Expediter issued an order "that the maximum rent for the above-described housing accommodations be, and it is hereby changed from $30.00 per month to $36.80." Appended to the order was the following: "Notice to Landlord and Tenant: The effect of this order is merely to increase the rental ceiling as of its effective date. The right to collect the higher rental depends upon your rental agreement under local law." Thereafter and on November 1, 1945, the plaintiff served the defendant with a notice entitled "Notice to Pay Increased Rental and Notice to Vacate," the pertinent parts of which read as follows:
"Please take notice that on October 25th, 1949, an order was entered by Michael Pecora, Area Rent Director, effective May 3rd, 1949, adjusting your maximum rent upward for each of your several apartments.
"Pursuant to the authority conferred by the aforesaid Order, you are hereby notified that commencing on December 1st, 1949, the rentals for your several apartments are increased in the amounts more particularly set out as follows:
(Then follows the tenant's name and address and the rent increase.)
"Each of you is further hereby notified that upon your several failures or neglect to pay said increased rental as hereinabove set opposite your respective names, possession of the premises occupied by you is hereby demanded on December 1st, 1949, and you are notified to vacate said premises and to surrender the possession thereof to me on said 1st day of December, 1949, and upon your neglect or failure to so surrender the said possession, proceedings will be instituted to recover the possession of said premises."
The tenant refused to pay the increased rent and tendered the lesser amount which the landlord refused.
*229 The only ground upon which an appeal will lie from a judgment for possession is lack of jurisdiction in the District Court. Opalach v. Cebulah, 2 N.J. Super. 139 (App. Div. 1949). Appellant's argument addressed to jurisdiction is that the notice was defective and that the affidavit upon which the proceeding was based does not allege an agreement, either express or implied, to pay the increased rent, and points out that under Revised Statutes 2:58-17 b. and 2:32-265 b. the District Court may enter a judgment for possession "where such person (the tenant) shall hold over after a default in the payment of rent, pursuant to the agreement under which the premises are held." It is said that the only agreement as to rent was the agreement between the landlord and tenant to pay $30 a month, and that since the tenant tendered the rent thereunder, there was no default and since there was no default, the quoted section of the statute does not give the District Court jurisdiction.
R.S. 2:58-17 provides in section a. that where a tenant holds over and continues in possession of leased premises after the expiration of his term and after demand and written notice for delivery of possession served in accordance with the statute, dispossess proceedings will lie. Under the settled law in this State, a month's notice is necessary to terminate a month to month tenancy. Steffens v. Earl, 40 N.J.L. 128 (Sup. Ct. 1878). The notice by the landlord in the instant case was dated and served November 1st and called for surrender of possession on December 1st if the rent of $36.80 authorized by the Area Rent Director was not paid. The question then arises as to whether there was an agreement on the part of the tenant to pay the higher rent. Under R.S. 2:58-17 the right of a landlord to remove a tenant must be predicated upon (a) the tenant's holding over after written notice to quit; (b) upon default in rent, or (c) disorderly conduct. We are not concerned with the latter. The landlord in serving the notice to quit complied with Section (a) and (b) above. The tenant concedes the validity of the order adjusting the maximum rent but argues that that order could *230 not impose an agreement upon the tenant to pay the increased rent. We agree. The order of the Area Rent Director was not self-executing. To become effective it required service upon the tenant of a notice to quit and of increase in rent. The notice of November 1, 1949, did just that and conformed with R.S. 2:58-17. Were it not for the protection given the tenant by the federal rent control act and the regulations, the landlord could have, under the state law, proceeded to judgment. The federal act gave the tenant certain rights which he would not have otherwise had and in accepting the additional rights accorded him thereunder, the tenant subjected himself to the concomitant burdens. Among the latter was the risk that the Area Rent Director would allow the landlord to raise the rent upon a proper showing. The relationship of landlord and tenant is contractual and may be express or implied. Here there is no express contract but an implied contract arose out of the voluntary holding over in the face of the notices to quit and of increased rent. A contrary holding would render nugatory the entire set-up of the federal act insofar as it attempted to provide a means to relieve a landlord from a rent agreement. Cf. Wasservogel v. Meyerowitz, et al., 300 N.Y. 125; 89 N.E.2d 712 (Ct. of Appeals 1949).
Judgment affirmed.