22 N.J. Super. 193 (1952)
91 A.2d 621
SKYLINE GARDENS, INC., PLAINTIFF-APPELLANT,
v.
EVERETT J. McGARRY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1952.
Decided October 17, 1952.
*194 Before Judges FREUND, STANTON and CONLON.
Mr. Paul N. Belmont argued the cause for the appellant (Mr. George I. Marcus, attorney; Mr. Walter D. Van Riper on the brief).
Mr. Hyman W. Rosenthal argued the cause for the respondent (Mr. Milton Schleider, attorney).
The opinion of the court was delivered by CONLON, J.C.C. (temporarily assigned).
The plaintiff, owner of an apartment house in North Arlington, New Jersey, brought this action in the Bergen County District Court for the recovery of rent in the amount of $36. Plaintiff claims the aggregate of $12 per month for the months of October, November and December 1951, which represents the difference between the amount of $60 which the defendant paid and $72 which was the amount to which the rent ceiling had been raised by the Office of Rent Stabilization as of August 29, 1951. The action has significance since the *195 plaintiff instituted approximately 65 similar suits against other tenants in the apartment house, and it was stipulated in the court below that the plaintiff and all of the defendants would be bound by the disposition of this action.
The pertinent facts are not in dispute. Defendant was a month-to-month tenant paying $60 per month. On August 29, 1951 the Federal Area Rent Director, acting on an application of the plaintiff landlord, fixed the maximum rent for defendant's apartment at $72 per month and sent a notice to that effect to the defendant. On August 30, 1951 the plaintiff caused to be served on the defendant the following notice:
"This is to advise you that the rent for your apartment, which you occupy, has been increased from $60.00 to $72.00 per month.
You are therefore notified that beginning October 1, 1951, you will be required to pay the sum of $72. per month.
Please consider this your 30-day notice according to law."
On October 17, 1951 an order was issued by the Area Rent Director revoking the order of August 29, 1951, but on November 28, 1951, the Director of Rent Stabilization, to whom an appeal had been taken by the plaintiff, issued an order revoking the order of October 17, 1951 and reinstating the order of August 29, 1951. It is not disputed that the latter two orders were retroactive. The defendant paid $60 for each of the months of October, November and December 1951, but refused to pay the increase. The plaintiff accepted the payments on account and now sues to recover the increase in rent for those three months. The trial court entered judgment for the defendant and filed a memorandum which clearly analyzed the principles involved and the reasons for his conclusion.
The sole question is whether or not the notice of August 30, 1951 from the plaintiff to the defendant lawfully effected a termination of the old tenancy at $60 per month, and, in view of the defendant's continuing in possession, created a new tenancy at $72 per month, the rent authorized *196 by the federal authorities. The notice in question was not a "notice to quit," and it is well established that a month-to-month tenant has the right to continue in possession indefinitely in the absence of a notice to quit which is a prerequisite to the termination of the tenancy so as to create a new tenancy at an increased rental. Steffens v. Earl, 40 N.J.L. 128 (Sup. Ct. 1878).
Appellant argues that since, under the Housing and Rent Act, a landlord is powerless to evict a tenant, the giving of a notice to quit would be futile and hence should not be considered essential to an increase in rent. This argument overlooks the fact that the federal authority is empowered only to fix the maximum rent but is powerless to fix the actual rent to be charged. It follows, therefore, that if the landlord lawfully increases the rent within the limits of the legal maximum he may, in accordance with the provisions of the federal act, evict a tenant who refuses to pay the increase.
It was so held by this court in Hertzberg v. Siegel, 8 N.J. Super. 226 (App. Div. 1950). In that case, speaking for the court, Judge Colie said:
"The order of the Area Rent Director was not self-executing. To become effective it required service upon the tenant of a notice to quit and of increase in rent."
So, too, in the instant case. The order of the federal authority merely empowered the landlord to increase the rent to $72. Its order had no other effect, and in order to entitle himself to the increase the landlord was bound to fulfill the legal requirements of giving a notice to quit as well as a notice of the increase. Having failed to do so the tenant was liable to pay only the old rental under the month-to-month tenancy which had not been terminated.
Judgment affirmed.