## DE FOE v. WEAVER BROS., Inc.

### No. 1398.

Municipal Court of Appeals
District of Columbia.

Argued Dec. 7, 1953.

Decided Dec. 28, 1953.

516

Ruffin lA. Brantley, Washington, D. C., for appellant.

Robert B. Frank, Washington, D. C., with whom Milton W. King, Bernard I. Nordlinger and Wallace Luchs, Jr., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

When Congress extended the District of Columbia Emergency Rent Act (now expired) in June 1951, it provided that the maximum rent ceilings for accommodations rented on January 1, 1941, should be increased to 20 per centum above the rent existing on January 1, 1941, and that upon the filing of a new rent schedule by the landlord with the Administrator the new rent should be "adjusted and automatically effective".[1] In the latter part of July 1951 appellee-landlord filed its schedule and notified appellant-tenant that as of August 1, 1951, her rent would be increased from $50 to $60. The tenant paid the increased rent until April 1, 1953, at which time she contended that the increased rent never became effective as to her because she had not been served with a notice to quit and had not agreed to the increase. Thereafter the landlord sued for possession for nonpayment of rent from April 1, 1953, to August 1, 1953. Judgment went for the landlord and the tenant has appealed.

In Stoner v. Humphries, D.C. Mun.App., 87 A.2d 528, 530, we held that upon the filing of the rent schedule the increased rent became binding on the tenant and that a thirty-day notice to quit was not a necessary prelude to the increase. We held that the words of the statute "automatically effective" meant "effective without further procedural steps and without additional notice."

The tenant concedes that our decision in Stoner v. Humphries is squarely opposed to her position, but asks us to reconsider our decision in view of certain state court decisions which she says hold contrary to our decision. The decisions most strongly relied on by her are Hertzberg v. Siegel, 8 N.J.Super. 226, 73 A.2d 840; Skyline Gardens, Inc., v. McGarry, 22 N.J.Super. 193, 91 A.2d 621; Abbenante v. Giampietro, 75 R.I. 349, 66 A.2d 501; Giampaolo v. Anatra, 191 Misc. 999, 80 N.Y.S.2d 140, affirmed 192 Misc. 428, 80 N.Y.S.2d 144. Those decisions deal with different situa-

1. Code 1951, Supp. I, § 45–1602.

tions and with a differently worded act, but if they are contrary to our holding we nevertheless adhere to our decision. Furthermore, even under those decisions we think appellant would have no standing. After being notified of the increased rent she paid it for a period of twenty months. This clearly evidenced an agreement by her to the increased rent and a waiver by her of a thirty-day notice even if she had been entitled to one.

Affirmed.