49 N.J. Super. 585 (1958)
140 A.2d 756
BHAR REALTY CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ELIZABETH BECKER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1958.
Decided May 2, 1958.
*586 Before Judges PRICE, HANEMAN and SCHETTINO.
Mr. William M. Feinberg argued the cause for plaintiff-appellant (Mr. Jack Feinberg, attorney).
Mrs. Elizabeth Becker appeared pro se and submitted her cause without argument.
*587 PER CURIAM.
Appeal is taken from a judgment of a District Court dismissing a complaint for alleged rents. Basically the facts are not in dispute.
Plaintiff's testimony was as follows: Plaintiff-landlord sued to recover increases of rent covering each month for a period commencing September 1, 1956 to July 1, 1957 at the rate of $11.44 per month, including the original rent for July 1957 in the sum of $57.20; the latter sum was sent to the landlord by the tenant but the landlord refused to deposit the check therefor and still retains the same. Although this suit is to recover $183.04, the actual amount in dispute is $125.84  the difference between the full amount of $183.04 and the retained check amount of $57.20.
Plaintiff-corporation rented the apartment to defendant in or about December 1954 on a monthly basis for the maximum rental sum of $57.20 recurring on the first of each month. On July 31, 1956 plaintiff's agent served defendant with a copy of a notice of termination of tenancy effective September 1, 1956 by sliding it under the defendant's apartment door. On August 27, 1956 the agent similarly served defendant with a letter stating in part that plaintiff's acceptance of amounts less than the new rental amount would not be a waiver. Thereafter, defendant continued to pay her rent by checks to the plaintiff's superintendent at the rate of $57.20 for 11 months until June, 1957. On June 25, 1957 plaintiff mailed to defendant a demand for payment of the total amount due and in July 1957 defendant sent to plaintiff the above-mentioned check which the landlord refused to accept as payment and still retains the check.
Defendant testified that she found the first letter notice under her apartment door on July 31, 1956; she also found under her door the second letter notice on August 27, 1956; she continued to pay her usual rent to plaintiff's superintendent each month thereafter; in July 1957 she offered her check for the July rent to the superintendent which was refused, and she thereupon mailed her check to plaintiff with a letter stating in part:
*588 "I have contacted the Rent Bureau at City Hall, Jersey City, N.J.; and have been so informed, according to the New Jersey State Rent Law.
(1) A tenant must be given thirty (30) days notice for a rent increase.
(2) No retroactive monies allowed according to this law.
Please be advised I am in accordance with this law, and therefore my new rental will take effect as of August 1, 1957."
The trial court found for defendant, holding the first notice, referred to by plaintiff as a notice of termination of tenancy, did not constitute a proper notice to quit; and further, that by accepting the rental payments in the original amount from defendant, plaintiff had waived its right to recover retroactively the increases in rent.
The letter by which the plaintiff-landlord sought to terminate defendant's month to month tenancy is as follows:
"Dear Tenant:
This is to advise you that your Monthly Tenancy is hereby terminated as of September 1st, 1956.
You may renew your monthly tenancy by paying the new rental of $68.64 per month on the 1st day of September, 1956 and each month thereafter."
The primary question raised by this appeal is whether this notice was sufficient (a) to terminate defendant's then existing month to month tenancy, and (b) to establish the prerequisite to the creation of a new month to month tenancy at a higher rental. The corollary question is whether the form of the notice is fatally defective for purpose (b) above because it lacks a demand that defendant quit and deliver up possession of the premises to plaintiff.
A "notice to quit" is required in order to terminate a tenancy when the tenancy is at will, or from month to month or year to year. N.J.S. 2A:18-56; Steffens v. Earl, 40 N.J.L. 128 (Sup. Ct. 1878); Dector v. Phelps, 136 N.J.L. 53, 56 (Sup. Ct. 1947); Hertzberg v. Siegel, 8 N.J. Super. 226, 229 (App. Div. 1950); Skyline Gardens, Inc., v. McGarry, 22 N.J. Super. 193, 195-196 (App. Div. 1952); 18 N.J. Practice, § 1538, p. 106. We emphasize the distinctions between the aforesaid "notice to quit" under *589 N.J.S. 2A:18-56 and the procedural requirement of a "demand * * * for delivery of possession" which is a statutory prerequisite for the institution of a summary action for possession under N.J.S. 2A:18-53.
"The demand for possession must be distinguished from the notice to quit which has for its purpose the termination of the tenancy. The purpose of the demand for possession is to give the tenant the opportunity to remove voluntarily when his term has expired. It is a condition precedent to the institution of the action. It must be served where the tenancy expires by its own terms and no notice to quit is required. It must also be served in cases in which a notice to quit is required to terminate the tenancy. In the last mentioned type of case, the demand for possession may be included in the notice to quit, or it may be separately served." 18 N.J. Practice, District and Municipal Courts, § 1541, p. 111. (Emphasis added)
This is not a dispossess action. We are therefore concerned only with the sufficiency of the "notice to quit." The "notice to quit" ought to apprise the tenant:
(1) That the relationship of landlord and tenant exists between the parties;
(2) That the premises are to be vacated and possession thereof delivered to the landlord by a certain day;
(3) That the tenant's right to possession will expire on that day;
(4) And the reason for termination permitting eviction under the statutory provisions, where applicable.
Dector v. Phelps, 136 N.J.L. 53, 55 (Sup. Ct. 1947); 18 N.J. Practice, supra, § 1538, p. 109. However, we hold that a notice to quit to be effective to terminate a tenancy need only state that the tenancy is terminated as of a certain date. A notice to quit and a demand for delivery of possession are severable and a demand for delivery of possession is not required in order to terminate a tenancy.
The case of Skyline Gardens, Inc., v. McGarry (supra, 22 N.J. Super. 193) turned upon this very question. Therein, the notice to quit neglected to recite a termination of the tenancy and in that regard was held to be fatally defective since the Housing and Rent Act of 1947, 50 *590 U.S.C.A. Appendix, § 1881 et seq. was not capable, in itself, of creating a new contract between the parties. We said (22 N.J. Super. at page 197):
"* * * The notice in question was not a `notice to quit,' and it is well established that a month-to-month tenant has the right to continue in possession indefinitely in the absence of a notice to quit which is a prerequisite to the termination of the tenancy so as to create a new tenancy at an increased rental." (Emphasis added)
But here the termination of the prior tenancy agreement was expressly stated and a new monthly tenancy at increased rental was proffered to defendant as in the Hertzberg case, supra. There, this court said (8 N.J. Super. at page 230):
"* * * The relationship of landlord and tenant is contractual and may be express or implied. Here there is no express contract but an implied contract arose out of the voluntary holding over in the face of the notices to quit and of increased rent." (Emphasis added)
We can find no distinction in the facts of the present case and the Hertzberg case. In the case at bar a judgment should also have been rendered in favor of the plaintiff-landlord.
Defendant also contends that plaintiff waived its right to the increased rent by reason of the fact that plaintiff accepted the lower amount for a period of 11 months. The trial court cited as authority Adler v. Logio, 208 N.Y.S. 462 (Sup. Ct. App. Term 1925). The entire opinion is as follows:
"Per Curiam. Although the landlord gave notice of an increase of the monthly rent beginning January 1, 1925, the action, based on that notice was to recover rent for the month of April. As it appears that rent for the prior months had been paid, and receipt of the rent at the old rate for such prior months rendered the notice inoperative.
"Judgment reversed, with $30 costs, and complaint dismissed."
However, a vital factual difference is present in the case before us. Unlike the Adler case plaintiff here expressly *591 went on record by letter dated August 27, 1956 that plaintiff's acceptance of the rent would not operate as a waiver of plaintiff's right to collect the differences. This letter notice to defendant clearly expressed the fact that plaintiff was not relinquishing its rights to the increased rentals. Since this prerequisite ingredient of a waiver is lacking, we find no basis for the trial court's finding. R.R. 1:5-4(b); 2 Walsh, Commentaries on the Law of Real Property (1947), § 192, p. 350; 56 Am. Jur., Waiver, § 150, p. 115.
Reversed. Judgment is directed to be entered in favor of plaintiff. No costs.