163 N.J. Super. 23 (1978)
394 A.2d 140
KROLL REALTY, INC., PLAINTIFF-APPELLANT,
v.
MR. AND MRS. GULLIERMO FUENTES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1978.
Decided October 13, 1978.
*24 Before Judges LORA and LARNER.
*25 Messrs. Davies, Davies and Hall, attorneys for appellant (Mr. Joseph A. Pojanowski III on the brief).
Mr. Joseph V. Kealy, Jr., attorney for respondents.
Mr. Timothy K. Madden, Director, Hudson County Legal Services Corp., amicus curiae (Mr. Gregory G. Diebold, of counsel and on the brief).
PER CURIAM.
This is an appeal by plaintiff landlord from the dismissal of its complaint against defendant tenants for possession of premises rented to them. Plaintiff bottomed its action upon defendants' failure to sign a written lease proffered by plaintiff converting their month-to-month tenancy into a tenancy for one year.
The proofs established that defendants had been month-to-month tenants in plaintiff's apartment building since 1969. On January 28, 1977 plaintiff forwarded to defendants a lease for a term of one year which term was to begin on February 1, 1977 at an increased rental. When defendants refused to sign the lease or to terminate their occupancy, plaintiff instituted suit pursuant to N.J.S.A. 2A:18-61.1(i) and argued at the trial below that the North Bergen rent leveling ordinance required it to serve rent increase notices prior to the "anniversary date" of a tenant's tenancy and it had accordingly served defendants not only with the written lease but also with notice of the rent increase two days prior to defendants' anniversary date.
On appeal plaintiff contends that it complied with all notice requirements necessary to vest jurisdiction in the county district court and thus is entitled to judgment for possession. We disagree.
A month-to-month tenancy is a continuing relationship but it may be terminated by a one month's "notice to quit." Skyline Gardens, Inc. v. McGarry, 22 N.J. Super. 193, 196 (App. Div. 1952); Hertzberg v. Siegel, 8 N.J. Super. 226, 229 (App. Div. 1950); N.J.S.A. 2A:18-56. *26 However, in order to invoke the jurisdiction of the county district court in a summary action for possession under N.J.S.A. 2A:18-53 (which by amendment effective June 25, 1974 is no longer applicable to residential lessees and tenants included in N.J.S.A. 2A:18-61.1) a "demand for delivery of possession" must be served. This demand for possession is a procedural requirement and must be distinguished from the notice to quit which has for its purpose the termination of the tenancy. In cases brought under N.J.S.A. 2A:18-53 where a notice to quit is required to terminate the tenancy, the demand for possession may be included in the notice to quit, or it may be separately served. Bhar Realty Corp. v. Becker, 49 N.J. Super. 585, 588-589 (App. Div. 1958).
Plaintiff necessarily brought this dispossess action pursuant to N.J.S.A. 2A:18-61.1(i) by virtue of the amendment to N.J.S.A. 2A:18-53 and thus was required to comply with the notice provisions of N.J.S.A. 2A:18-61.2 which, except for nonpayment of rent and certain other specified situations, requires a written notice of termination and written demand for delivery of possession of the premises at least one month prior to the institution of a dispossess action, setting forth in detail the cause of the termination of the tenancy. We note, parenthetically, the notice requirements as to time and content under § 61.2(e) for an action alleging refusal of acceptance of reasonable lease changes are the same as those under § 56. Without such compliance the county district court is without jurisdiction to enter a judgment of possession. Cf. 25 Fairmount Ave., Inc. v. Stockton, 130 N.J. Super. 276, 287 (Cty. D. Ct. 1974).
Defendants received notice of the rent increase and the proposed lease only two days before the new lease was to be effective. Additionally, the record is devoid of any proof that plaintiff terminated defendants' month-to-month tenancy by serving them with a timely notice to quit. Absent such notice to quit and demand for possession defendants' *27 month-to-month tenancy continued unabated and plaintiff's dispossess action was without basis in fact or in law. Bhar Realty Corp. v. Becker, supra 49 N.J. Super. 589; Skyline Gardens, Inc. v. McGarry, supra 22 N.J. Super. at 196.
The judgment of the Hudson County District Court dismissing plaintiff's complaint is affirmed.