[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6437
First, it cannot be determined from the notice to quit whether the nonpayment of rent occurred in April or in March.
Second, as the plaintiff aptly observes, General Statutes § 47a-15a is inapplicable here. This is a commercial tenancy. General Statutes § 47a-15a applies to a rental agreement for a dwelling unit.[1]
While the lease terms may provide the defendant with a defense to this action, the lease does not impair the jurisdiction of the court. "The defendant's motion to dismiss manifests the vexing tendency in the Housing Session to front-load all issues under the guise of jurisdiction. `Jurisdiction involves the right to adjudicate concerning the subject matter in a given case. For the establishment of this right there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue.' Telesco v. Telesco,187 Conn. 715, 719-720, 447 A.2d 752 (1982). `Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.Killingly v. Connecticut Siting Council, 220 Conn. 516, 522,600 A.2d 752 (1991), quoting Demar v. Open Space ConservationCommission, [211 Conn. 416, 425, 559 A.2d 1103 (1989)]; see also Cross v. Hudon, 27 Conn. App. 729, 732,609 A.2d 1021 (1992).' Woodward v. Woodward,44 Conn. App. 99, 102, 683 A.2d 1010 (1997).
"`There is no doubt that the Superior Court is authorized to hear summary process cases; the Superior Court is authorized to hear all cases except those over which the probate courts have original jurisdiction. General Statutes § 51-164s. The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent. Before the court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. Sandrew v. Pequot Drug, Inc.,4 Conn. App. 627, 631, 495 A.2d 1127 (1985), citing O'Keefe v.Atlantic Refining Co., 132 Conn. 613, 622, 46 A.2d 343
(1946); Abbenante v. Giampietro, 75 R.I. 349, 353,66 A.2d 501 (1949); 50 Am.Jur.2d, Landlord and Tenant § 1205 [1970].' Lampasona v. Jacobs, 209 Conn. 724, 728-29, CT Page 6438553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244,106 L.Ed.2d 590
(1989). `The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action.Windsor Properties, Inc. v. Great Atlantic Pacific Tea Co.,35 Conn. Sup. 297, 301, 408 A.2d 936 (1979).' Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 582,548 A.2d 744 (1988), cert. denied, 209 Conn. 826, 552 A.2d 432 (1989).
"Here, all statutory requirements have been satisfied. `The present notice to quit served as a proper basis for jurisdiction.'Messinger v. Laudano, 4 Conn. App. 162, 164,493 A.2d 255, cert. denied, 196 Conn. 812, 495 A.2d 279 (1985). All the requirements of jurisdiction are present including a facially valid notice to quit." The Debonnair Motel, Inc. v. Abate, Superior Court, judicial district of New Haven, Housing Session, No. SPNH 9710 52443 (Dec. 6, 1997).
For these reasons, the motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court