**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1306-20

ETHEL KNIGHT,

     Plaintiff-Respondent,

v.

EFA WILLIAMS,

     Defendant-Appellant.

_____

Submitted December 19, 2023 – Decided December 29, 2023

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-012732-20.

Essex Newark Legal Services, attorneys for appellant (Nicholas R. Bittner and Felipe Chavana, on the brief).

Respondent has not filed a brief.

PER CURIAM

     Defendant Efa Williams, a residential tenant, appeals from a December 2, 2020 Special Civil Part order of ejectment from the premises owned by plaintiff

Ethel Knight. Because the trial court's findings are not supported by substantial, credible evidence in the record, see In re Trust Created by Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008), we reverse.

We summarize the pertinent facts from the limited record developed on the return date for the summary ejectment action. In October 2020, plaintiff filed a verified complaint for ejectment and an order to show cause, claiming she purchased premises located on Sheridan Street in Irvington in August 2020. In the complaint, plaintiff asserted: prior to the purchase, defendant was given notice to vacate but "refused to leave"; and after plaintiff purchased the property, "defendant was given another demand for possession" but "[s]he refuse[d] to leave." The notices were referenced in the complaint as exhibits.

Defendant failed to file an answer to the complaint but appeared pro se at the virtual hearing. Represented by counsel, plaintiff did not appear but was "represented by her brother . . . Izuchukwu Igwe." Although the trial court placed Igwe and defendant under oath, Igwe was not questioned. For reasons that are unclear from the record, however, the court entertained a back-and-forth exchange between plaintiff's counsel and defendant.

Defendant claimed from September 2017 to September 2020, she leased the second-floor apartment of the premises. After the lease agreement with her

2

former landlord expired, the tenancy continued month to month, <u>see</u> N.J.S.A. 46:8-10, at $1,400 per month.

Plaintiff, through counsel, countered no lease agreement had been produced. Further, defendant had not paid any rent and was "notified that she need[ed] to leave." Defendant interjected that she "ha[d] not been notified," but later acknowledged "plaintiff . . . came to [her] door, and . . . his [sic] exact words" were that she "needed to move." Plaintiff's counsel reiterated: "She certainly doesn't have a lease with my client and if she did have a lease, even according to her own admission . . . it expired." He also claimed there were allegations of "drug traffic [o]n the property." Although the notices were referenced in the complaint as exhibits, they were not introduced into evidence or identified for the record.[1] Defendant acknowledged she owed plaintiff rent but disputed the amount due.

During colloquy with plaintiff's counsel and defendant, the court interspersed its reasons for granting plaintiff's application. Addressing defendant, the court stated:

> You haven't paid rent, and there's no legal agreement
> between you and . . . plaintiff with regard to a lease.

---

[1] Nor were the notices provided on appeal. In her merits brief, defendant asserts the notices were not "in the case jacket" or filed "on eCourts."

. . . .

> At the time the property changed hands there was no lease to carry over, and now the ejectment – now there's an action to kick you out because, apparently, they sent you a notice to vacate . . . and, apparently, they also did a demand for possession.

The court entered a memorializing order but stayed the ejectment for sixty days.

This appeal followed. Thereafter, with the assistance of counsel, defendant moved to stay the December 2, 2020 order pending appeal. The trial court granted defendant's application.

Plaintiff now raises two arguments for our consideration: (1) the trial court erroneously determined her tenancy terminated when plaintiff "refused to accept her tenancy"; and (2) in view of her tenancy, the court lacked jurisdiction to hear the ejectment action. Stated another way, the limited issue before us is whether defendant established she was a tenant at the premises and therefore entitled to protection from ejectment under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to - 61.12.

A summary action for ejectment is a limited action brought by a party "claiming the right of possession of real property in the possession of another, or [a party] claiming title to such real property." See N.J.S.A. 2A:35-1; R. 6:1-2(a)(4) (authorizing summary actions pursuant to N.J.S.A. 2A:35-1 to -3, "where

4

the defendant has no colorable claim of title or possession"); see also J & M Land Co. v. First Union Nat'l Bank, 166 N.J. 493, 520 (2001).  To prevail, the party seeking possession must demonstrate ownership of, or control over, the property and that the person facing ejectment has no right to remain at the property.  See Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 615 (App. Div. 2021).  That is because new owners of property take possession subject to any tenancies.  See Chase Manhattan Bank v. Josephson, 135 N.J. 209, 223 (1994).

The Act protects residential tenants from eviction unless the landlord demonstrates good cause for removal under one of the enumerated grounds, including a tenant's nonpayment of rent, N.J.S.A. 2A:18-61.1(a), and disorderly conduct, N.J.S.A. 2A:18-61.1(b).  See 447 Assocs. v. Miranda, 115 N.J. 522, 527-28 (1989); Hale v. Farrakhan, 390 N.J. Super. 335, 340 (App. Div. 2007).  To fall within the ambit of the protections afforded by the Act, the person seeking to prevent eviction must be a traditional residential tenant or lessee.  Guttenberg Sav. & Loan Ass'n, 85 N.J. 617, 623-25 (1981) (holding that the Act applies only to traditional landlord-tenant relationships based upon an analysis of the Act's statutory framework and the legislative intent behind its enactment).

A-1306-20

Upon the expiration of a written lease agreement, the landlord-tenant relationship continues with payment of rent by the tenant and acceptance by the landlord, thereby establishing a month-to-month tenancy. N.J.S.A. 46:8-10. "[A] month-to-month tenant has the right to continue in possession indefinitely in the absence of a notice to quit which is a prerequisite to the termination of the tenancy." Skyline Gardens, Inc. v. McGarry, 22 N.J. Super. 193, 196 (App. Div. 1952).

Either the landlord or the tenant may terminate a month-to-month "tenancy by serving upon the other a month's notice to quit." Harry's Village, Inc. v. Egg Harbor Twp., 89 N.J. 576, 583 (1982). The notice must be served on the tenant and the landlord's possessory right gained from the notice to quit does not vest for at least thirty days. See Stamboulos v. McKee, 134 N.J. Super. 567, 570 (App. Div. 1975).

In the present matter, the court's decision was based on incompetent proof and erroneous legal reasoning. Plaintiff failed to demonstrate defendant's tenancy terminated.[2] See Phoenix Pinelands, 467 N.J. Super. at 615. Although the court made a passing reference to plaintiff's notice to quit and demand for

---

[2] Defendant does not challenge plaintiff's ownership of the property. See Phoenix Pinelands, 467 N.J. Super. at 615.

the premises, neither notice was specifically cited nor admitted into evidence. On this record, we therefore cannot conclude plaintiff complied with her obligation to serve the requisite notices prior to filing her ejectment action. See Skyline Gardens, 22 N.J. Super. at 196.

Moreover, defendant's testimony concerning her month-to-month agreement with her former landlord was unrefuted. Thus, the court incorrectly concluded her tenancy expired when the property was sold to plaintiff. See Josephson, 135 N.J. at 223. Because defendant established a colorable claim of possession, the trial court lacked jurisdiction to decide plaintiff's ejectment action. See N.J.S.A. 2A:35-1; R. 6:1-2(a)(4).

We therefore vacate the order of ejectment. Our decision should not be construed as constraining plaintiff from seeking relief in the proper forum.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1306-20